United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No.21- 100099- NMG |
| v. ) | |
| ) | |
| Armani Minier- Tejada ) | |
| Defendant, ) | |

**DEFENDANT MOTION TO ESTABLISH BINDING SUPREME COURT PRECEDENTS UNITED STATES V HUDSON, 7 CRANCH 32 (1812); COLE V ARKANSAS, 333 U.S. 196 (1948); AND BLOCKBURGER V UNITED STATES, 284 U.S 299 (1937) MANDATES THE TWO SEPARATE OFFENSES 21 U.S.C. 841 & 846 COMBINED TOGETHER AS A SINGLE MANUFACTURED STAUTORY OFFENSE IS UNCONSTITUTIONAL AND UNENFORCEABLE- PURSUANT TO RULE 12 (b)**

Now into court comes the charged defendant Armani Minier- Tejada in the above style and cause motion moves the court to issue a mandate that two separate offenses 841 & 846 consolidated together into one single statutory offense is Unconstitutional and Unenforceable in light of binding Supreme Court precedents United States v Hudson, 7 Cranch 32 (1812); Cole v Arkansas, 333 US 196 (1948); and Blockburger v United States, 284 U.S. 299 (1937).

**It was held, in an opinion by Black, J., that an affirmance of this kind had the effect of convicting the defendants without a trial, and was therefore a violation of procedural due process under the Fourteenth Amendment. See, Cole v Arkansas, 333 U.S 196 (1948).**

An affirmance of a conviction by a state appellate court on the ground that the information charged, and the evidence showed, a violation of § 1 of a penal law of the state constitutes a denial of procedural due process where the language of the information, and the construction placed upon it at the trial, clearly show that it was intended to charge an offense under § 2 of such law, the instructions by the trial judge to the jury were based on § 2 and on the

1

whole case it was clear that the trial and conviction in the lower court were for the violation of § 2, not § 1.

The binding Supreme Court precedent Cole v Arkansas, 333 U.S. 196 (1948), mandates that the combination of two separate independent crimes/offenses of 21 U.S.C. 846 & 841(a) being consolidated into one single manufactured offense with the same penalty provision is unconstitutional and unenforceable.

Accordingly, Mr. Tejada asserts that it is unconstitutional for congress to manufacture and create two separate offenses into one single offense in light of Hudson v United States, 7 Cranch 32 (1812); and Cole v Arkansas, 333 U.S. 196 (1948).

Thus, the combination of the federal inchoate offense and the substantive offense being consolidated into one single offense mandates and renders title 21 U.S.C. 846 Inchoate offense and 21 U.S.C. 841(a) Substantive offense Superfluous and Unconstitutional.

First Circuit district court in the case of United States v Meade, 986 F. Supp. 66 (1st Cir. 1997), has made it clear that: "As a general rule, the plain meaning of a statute controls. When a statute is ambiguous, however, the court may look to legislative history to resolve the ambiguity. The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.

The Second Circuit Court of Appeals in the case of In re Todd, 585 B.R. 297 (2nd Cir. 2018) has held that<u>: **A court's statutory analysis begins with the plain meaning of a statute**</u>. If the statutory terms are unambiguous, the court's review generally ends and the statute is construed

according to the plain meaning of its words. On the other hand, if a term of the statute is ambiguous, the court may rely on legislative history and other tools of interpretation.

**A statute is ambiguous if its terms are susceptible to two or more reasonable meanings. Whether a statute is ambiguous is determined by examining its language, the context in which the language is used, and the broader context of the statute as a whole.**

Title 21 U.S.C. 846 conspiracy statute is susceptible to two or more reasonable interpretations. See, United States v Yearwood, 518 F3d 220 (4th Cir. 2008), has held that: a substantive crime and conspiracy to commit that crime are separate offenses for purposes of the Double Jeopardy Clause because an agreement to do an act is distinct from the act itself.

However, the conspiracy statute 21 U.S.C. 846 defines two separate offenses that amounts to covering two separate different crimes, such as "Conspiracy" and "Possession with intent to distribute"- This court must issue a mandate that the conspiracy statute is unconstitutional in light of Hudson v United States, 7 Cranch, 32, 3 L. Ed. 259 (1812); Cole v Arkansas, 333 U.S 196 (1948); Brown v United States, 432 U.S. 161 (1977).

## PART "A"

**BINDING SUPREME COURT PRECEDENT COLE V ARKANSAS MANDATES THAT THE CONSOLIDATION OF BOTH OFFENSES 846 & 841 INTO A SINGLE OFFENSE IS UNCONSTITUTIONAL- BECAUSE THE STATUTE AUTHORIZES THE GOVERNMENT TO CONVICT AN INDIVIDUAL FOR ONE OFFENSE (846) AND TO PASS HIS SENTENCE TO PRISON UNDER A DIFFERENT OFFENSE (841(a))THAT HE WAS NOT CHARGED OR TRIED FORE VIOLATING . .**

The crux of the charged defendant Mr. Tejada's argument revolves around binding Supreme Court precedent Cole v Arkansas, 333 U.S 196 (1948) mandating that it is a violation of

federal Due Process to convict a defendant for a crime that was never made by the federal grand jury.

As here in the present case at hand where the government charges Mr. Tejada for being in violation of the conspiracy statute 21 U.S.C. 846 with the unconstitutional authority to punish the charged defendant for a different separate offense for possession of narcotics created under 21 U.S.C. 841(a)

The government would have to acknowledge that the charging of an Inchoate offense and Substantive offense combined together into a single offense conclusively renders both statutes meaningless. **(The Regime of both criminal statutory offenses being consolidated into one single offense/crime establishes that if an individual is found not guilty for possession of narcotics under one statute, such for an offense under 841(a) could still be found guilty for possession of narcotics under a whole different statute, such as the conspiracy statute 21 U.S.C. 846).**

Title 21 U.S.C. 846 criminalizes two separate offenses under the same exact unconstitutionally applied penalty provision that should have been continuously unenforceable by the government. Therefore, the government must acknowledge that to enforce the prosecution of 846 conspiracy offense together with the substantive offense penalty provisions automatically put those statutes at odds with each other.

It is axiomatic that the court must look to the clear meaning of the statute. If the meaning is clear then the court has no discretion but to follow the mandates as written by congress. However, the difficulty arises when a statute is ambiguous or where specific sections seem to be at odds with each other. See, In re Almonte, 397 B. R. 659 (2nd Cir. 2008).

If two clauses of an agreement are so at odds to each other they cannot stand together, the clause which is first in the contract will be given effect and the other clause rejected. Shank/Balfour Beatty v IBEW Local 99 F.3d 83 (1st Cir. 2007). Here, the arbitrator was faced with two provisions in the Agreement that were potentially at odds with each other. One reserved electrical work to electricians; the other reserved to management the determination of the minimum number of employees required for the work.

As here in the present case before the court, the government charges Mr. Tejada for a crime of "Conspiracy" the "Agreement Only" offense and intends to impose criminal sanctions based upon a different separate penalty provision for a crime of possession of narcotics.

Thus, binding Supreme Court Precedent Cole v Arkansas, 333 U.S. 196 (1948) mandates that it Unconstitutional and Unenforceable for our Congress to create a Statutory Criminal Procedure that would allow the government to charge and prosecute Mr. Tejada on one offense of 21 U.S.C. 846- Conspiracy only and then to turnaround convict the defendant and sentence him to a separate offense of possession of narcotics under 21 U.S.C. 841(a).

**It is as much a violation of Due Process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.  Cole v Arkansas, 333 U.S 196 (1948)**

**Part "B"**

**COLE V ARKANSAS MANDATES THAT IT IS UNCONSTITUTIONAL FOR THE GOVERNMENT TO CHARGE AND PROSECUTE HIM FOR A CONSPIRACY OFFENSE AND THEN TURN ARROUND CONVICT AND SENTENCE THE DEFENDANT TO A SEPARATE OFFENSE THAT THE DEFENDANT IS ACTUALLY INNOCENT OF COMMITTING...**

5

The gravamen of Mr. Tejada argument stand upon solid grounds that title 21 U.S.C. 846 conspiracy statute is unconstitutional in light of Cole v Arkansas, 333 U.S. 196 (1948) because in light of Cole v Arkansas- Congress cannot create a statute that convicts the innocent of crimes that defendant never committed and that were not made by the federal grand jury.

Accordingly, the procedure our legislatures has created under title 21 U.S.C. 846 conspiracy statute allows the government to convict the innocent for criminal charges for being in possession of narcotics that connotes a violation of 21 U.S.C. 841(a).

It is firmly established that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. Title 21 U.S.C. 846 use of the same penalty provision of the substantive offense plainly encompasses two separate offenses-

It is a pure legal Impossibility for congress to create a statutory offense that punishes an individual for being in possession of narcotics with a ten years to life penalty provision created under title 21 U.S.C. 841(b) conspiracy offense and then turn around and punish the same individual for not being in possession of narcotics under the same exact penalty provision created under title 21 U.S.C. 841(b).

**Part "C"**

**THE GOVERNMENT CANNOT CHARGE AND PROSECUTE MR. TEJADA FOR A INCHOATE CONSPIRACY OFFENSE CREATED UNDER 846 AND THEN TURN AROUND AND CONVICT AND SENTENCE HIM TO WHOLE DIFFERENT SUBSTANTIVE POSSESSION OF NARCOTICS OFFENSE CREATED UNDER 21 U.S.C. 841(b) IN LIGHT OF COLE V ARKANSAS, 333 U.S. 196 (1948).**

Any argument made in their response by the government that is contrary to the charged defendant Mr. Tejada's argument that has been raised in the above heading would be foreclosed by the Supreme Court's Binding Precedent Cole v Arkansas, 333 US 196 (1948).

**The Supreme Court has mandated that it is a violation of the Due Process clause and Unconstitutional to have someone in prison based upon a charge not made.** However, this honorable court would have to acknowledge that the government has been detaining citizens in a pretrial detention facility for a crime of possession of narcotics that was never committed by the charged defendant or charged by the federal grand jury under 21 U.S.C. 841(b).

**In Garner v Louisiana, 368 U.S. 157 (1961).** The Supreme Court has held that; "A state conviction of crime totally devoid of evidentiary support is unconstitutional under the due process clause of the Fourteenth Amendment. **Moreover, it is as much a denial of Due Process to send an accused to prison following conviction for a charge that was never made as it is to convict him upon a charge for which there is no evidence to support that conviction.**

As here in the present case at bar Mr. Tejada asserts that it is Unconstitutional to arrest and charge him for an uncharged and unadjudicated possession of narcotics offense that connotes a single violation of 21 U.S.C. 841(b) statutory penalty provision. See, Unite States v Martinez, 987 f2d 920 (2nd Cir. 1993).

Section 841(b) then provides for sentencing minimums based on the quantities in possession. Similarly, the sentencing guidelines makes individual accountable for the amounts in his possession. U.S. Sentencing Guidelines Manual §§ 1B1. 3(a)(1)(A), 2d1. 1(a)(3). Martinez, Supra.

As here in the present case at hand, the government must acknowledge that Mr. Tejada was not arrested with any type of controlled substance within his actual possession. There is absolutely no evidence to support a substantive offense of criminal possession of narcotics.

Accordingly, Mr. Tejada asserts the government cannot convict him for a possession of narcotics charge under the conspiracy statute created under 21 U.S.C. 846 especially where the legislatures does and does not criminalize the possession of narcotics also now under the conspiracy offense.

**Part "D"**

**THE 846 CONSPIRACY STATUTE MUST BE OUTLAWED AND RULED UNCONSTITUTIONAL AND UNENFORCEABLE FOR OUR LEGISLATURES TO COMBINE AN INCHOATE CRIME AND A SUBSTANTIVE CRIME TOGETHER INTO A SINGLE OFFENSE THAT CONNOTES AS BEING "A VIOLATION FOR THE PURPOSES OF 841(b) PENALTY PROVISIN. . .**

In <u>Tennessee v Davis, 100 U.S. 257, 25 L. Ed. 648,</u> it was said: Congress "must first make an act a crime, affix a punishment to it, and prescribe what courts have jurisdiction of such an indictment, before any federal tribunal can determine the guilt or innocence of the supposed offender.' Citing <u>U.S. v Hudson et al., 7 Cranch, 32, 3 L. Ed. 259.</u>

It is the role of Congress to define crimes and to determine the appropriate punishment for these offenses. <u>Bell v United States, 349 U.S. 81, 82, 99 L. Ed. 905, 75 S. Ct. 620 (1955).</u> Section 841(a) of Title 21 makes it unlawful for any person knowingly and intentionally to "distribute" a controlled substance unless authorized by law. Under this statute, the term "distribute" means "to deliver," and the term "deliver" means "the actual, constructive, or

8

attempted transfer of a controlled substance." **21 U.S.C. § 802** (8), (11). The plain language of the statute indicates, therefore, that illegal distribution under § 841 is not a continuing crime.

The law instead makes each unlawful transfers of controlled substances are separate crimes under § 841, even when these transfers are part of a continuous course of conduct. See United States v Thompson, 624 f2d 740, 743 (5th Cir. 1980).

**21 USC 846** criminalizes multiple offenses that's created under the federal controlled substance act defined in Subchapter I of the Comprehensive Drug Abuse and Control Act of 1970. Subchapter I is comprised of **21 U.S.C. §§ 801 – 904**.

The crime of which Mr. Tejada was charged is not the substantive offense of manufacturing or distributing a controlled substance as prohibited and punished in **21 U.S.C. 841.** The charged defendant is charged with Conspiracy to do things. Such a conspiracy is now punished by **21 U.S.C. 841.** Such conspiracy is made a separate offense by **21 U.S.C. § 846** and the punishment for such a conspiracy is separately prescribed by **21 U.S.C. § 846.**

The punishment for the substantive offenses punishable under 21 U.S.C. § 841 is set forth in 21 U.S.C. § 841(b). For a substantive offense involving Heroin ect-

Under the Blockburger test: the Supreme Court has made it clear that: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses, or only one, is whether each provision requires proof of an additional fact which the other does not.

In light of the Blockburger substantive law test, the Supreme Court mandates that our two separate offenses under one umbrella. See, Blockburger v United States, 284 U.S. 299 (1937).

21 U.S.C. 846 criminalizes two independent distinct separate crimes because the conspiracy offense is not governed by its own penalty provision. 846 crime of conspiracy is no longer a simple crime of conspiracy when the government is unconstitutionally allowed to punish the crime of conspiracy under the crime of possession of narcotics, such as imposing a sentence under title 21 U.S.C. 841(a). Binding Supreme Court Precedent Blockburger mandates that the combination of 21 U.S.C. 846 & 21 U.S.C. 841(b) to be ruled upon as being unconstitutional.

**PART "E"**

**BINDING SUPREME COURT PRECEDENT BLOCKBURGER V UNITED STATES, 284 US 299 (1937) MANDATES THAT THE COMBINATION OF 21 U.S.C. 846 CONSPIRACY OFFENSE & 841(b) POSSESSION OF NARCOTICS PENALTY PROVISION BEING CONSOLIDATED INTO ONE SINGLE OFFENSE OF 846 CONSPIRACY STATUTE IS UNCONSTITUTIONAL AND UNENFORCEABLE**

The crux of Mr. Tejada argument revolves around the conspiracy statute criminalizing more than one criminal offense together at the same exact time frame under the same federal conspiracy statute 21 U.S.C. 846 being unconstitutional in light of Blockburger v United States, 284 U.S. 299 (1937).

It is unconstitutional to be charged and convicted under the federal conspiracy statute 846 for the crime of making an Agreement to sale narcotics and then to be sentenced under a different separate criminal offense for being in actual possession of the narcotics with the intent to distribute the narcotics. See, Blockburger v United States, 284 US 299 (1937).

The Federal Constitution Fifth Amendment Double Jeopardy Clause forbids/bars our Congress/legislatures from creating two separate different offenses into a single offense criminal statute, such as 21 U.S.C. 846 and 21 U.S.C. 841(b) penalty provision.

10

However, the government would have to acknowledge that the prosecution of a crime of "Conspiracy" that covers an "Agreement Only" combined with the offense of "Possession of Narcotics" as the only penalty provision for the crime of the conspiracy connotes that Congress has created two separate offenses into a single violation of 21 U.S.C. 841(b).

The Fifth Amendment Double Jeopardy Clause mandates that the crime of conspiracy to possess without intent to distribute narcotics connotes a single offense. See, Brown v Ohio, 432 U.S 161(1977)

In Brown v Ohio, Supra: the Supreme Court made it perfectly clear; "Separate statutory crimes need not be identical-either in constituent elements or in actual proof- in order to be the same within the meaning of the double jeopardy clause of the Fifth Amendment.

Accordingly, Mr. Tejada asserts that under Brown v Ohio, the court must treat both offenses of title 21 U.S.C. 846 and 841(b) as the same offense because both separate offenses are governed by the same exact penalty provision. Therefore, under the blockburger test this court must treat the conspiracy statutory offense the same as the 841(b) possession of narcotics with the intent to distribute statutory offense in light of Blockburger v United States, 284 US 299 (1937); and Brown v Ohio, Supra.

For the purposes of the Double Jeopardy Clause of the Fifth Amendment, the charging of both separate crimes such as Conspiracy together with the Possession of narcotics with the intent to distribute connotes an single offense in light of Brown v Ohio, 432 U.S 161 (1977).

By the Legislatures mandating that the crime of conspiracy to be a punishable offense under the 21 U.S.C. 841(b) possession of narcotics with the intent to distribute renders both

separate crimes as being a single crime of possession of narcotics because the penalty provision dictates the actual crime.

**In Brown v Ohio, Supra: The Supreme Court has held that;**

**Upon trial in an Ohio state court in Wickliffe, Ohio, where the defendant was arrested nine days after he had stolen an automobile, the defendant pleaded guilty to a misdemeanor charge of joyriding- taking or operating a car without the owner's consent- the joyriding charge having been based on the defendant's driving of the auto on the last day of his nine- day joyride.**

**Thereafter, the defendant pleaded guilty in a state court in Cuyahoga County to a felony auto theft charge based on his original taking of the auto, the trial court rejecting the defendant's double jeopardy objections. The court of Appeals of Ohio affirmed, holding that while joyriding was a lesser included offense of auto theft since every element of the crime of joyriding was also an element of the crime of auto theft (the latter having the additional element of intent to permanently deprive the vehicle owner of possession), nevertheless the two prosecutions were based on two separate acts and thus the double jeopardy clause did not bar the second prosecution. The Supreme Court denied leave to appeal.**

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not, Blockburger v United States, 284 U.S 299, 304, 74 L. Ed. 306, 52 S. Ct. 190. In line that test, the Double Jeopardy Clause generally forbids successive prosecution and cumulative punishment for a greater and lesser included offense.

Here, the Legislatures created the statutory conspiracy offense 21 U.S.C. 846 to be punishable under a separate and totally different offense that covers only the possession of narcotics – Therefore, our legislatures has taken two separate acts and made them both into a single offense that consists of: (1) A crime of Conspiracy and (2) A Crime of possession of narcotics with the intent to distribute- See, Brown v Ohio, 432 U.S. 161 (1977).

Under Brown v Ohio, Supra: the Supreme Court has mandated that for Double Jeopardy purposes the combination of 846 & 841(b) utilizing the same exact penalties provision connotes a solid case of Double Jeopardy. Albernaz v United States, 450 U.S 333 (1981).

This court punishing the possession of narcotics offense created under 21 U.S.C. 841(b) and the punishing of the crime of conspiracy under the same exact penalty provision of 21 U.S.C. 841(b) mandates that both criminal procedures are unconstitutional under the Fifth Amendment Double Jeopardy Clause in light of Albernaz v United States, 450 US 333 (1981).

It violates the Double Jeopardy Clause for our Congress to punish two separate offenses that are at odds with each other under the same exact penalty provision such as title 21 U.S.C. 841(b) for a crime of possession of narcotics and 21 U.S.C. 841(b) for the crime of Conspiracy offense as well.

Double Jeopardy Clause bars congress from imposing the same penalty provision twice for a violation of two separate offenses. Therefore, the theory of the government case is to convict Mr. Tejada for a crime of conspiracy that only consists of a crime of an "Agreement Only" and then to sentence him to whole different separate crime of "Possession of narcotics with the intent to Distribute".

However, this procedure allows the government to convict and sentence a defendant for a charge of possession of narcotics under a charge for conspiracy offense- A crime that was never made nor charged by the federal grand jury. Thus, this criminal procedure lacks the safeguards and protections of the federal Due Process Clause.

**Part "F"**

**WHEN A STATUTE ENCOMPASSES MUTIPLE CATEGORIES OF OFFENSE CONDUCT – SOME OF WHICH WOULD CONSTITUTE A DRUG TRAFFICKING CRIME AND SOME OF WHICH WOULD NOT – THIS COURT THEN MUST DETERMINE WHETHER 846 CONSPIRACY STATUTE COVERS THE CONDUCT OF POSSESSION OF NARCOTICS? DOES CONSPIRACY INCORPORATES THE ELEMENTS OF POSSESSION OF NARCOTICS?**

The crux of the charged defendant Mr. Tejada argument revolves around the federal drug conspiracy statute not being a drug offense for the purposes **21 U.S.C 841(b)** penalty provision Mandated and made strictly for drug possession of narcotics offenses only.

21 U.S.C. 841(b) is an *"offense specific penalty"* provision that is factually unconstitutionally applied to inchoate offenses created under title 21 U.S.C. 846 conspiracy crime.

In the First Circuit in the case of **United States v Dimeo, 753 F. Supp. 23 (1st Cir. 1990),** has held that: For the purpose of this case, Congress has proscribed drug trafficking conduct in this language:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) **to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. § 841 (a)** (emphasis added). The term "Controlled Substance" is defined in the Act as follows:

Section 4B1.2 defines "controlled substances offense" to include (1) unlawful possession of a listed chemical in violation of **21 U.S.C. § 841(c)(1); (2)**. See**, Hnatyuk v Whitaker, 757 Fed. Appx. 10 (2nd Cir. 2018).** In the Controlled Substances Act," the term controlled substance means a drug or other substance, or immediate precursor, included **in schedule I, II, III, IV, or V of 21 U.S.C. § 812. 21 U.S.C. § 802(6).**

14

The Sentencing Guidelines define the term "Controlled Substance offense" as an offense that prohibits the manufacture, import, export, distribution, or dispensing of a controlled (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. United States v Williams, 762 Fed. Appx. 278 (6th Cir. 2019).

A criminal Agreement does not count as a "Drug offense" under **21 U.S.C.S. § 841(b)(1)** because such a crime does not require any mental culpability either to commit or to otherwise participate in the underlying substantive narcotics offense. See, **United States v Spikes, 158 F.3d 913 (6th Cir. 1998).**

The plain meaning of the term "Felony drug offense" includes any criminal conduct relating to narcotics, including simple possession, which a state has prescribed as a felony.

Under **21 U.S.C. § 841(b)(1),** the mandatory term of imprisonment for a violation **of § 841(a)** (possession of drugs with intent to distribute) increases if a defendant has a prior conviction for a felony drug offense.

Mr. Tejada asserts that his charges in his federal indictment that has been created under 21 U.S.C. 846 is subject to more than one interpretation because of the conspiracy statute charges one crime of an "Agreement Only" offense and then is made punishable under another separate distinct offense that has been made to cover different criminal conduct that revolves around the possession of narcotics.

The conspiracy statute 846 is a divisible statute because it allows the prosecution to set out one or more offenses in every criminal prosecution. Moreover, the statute mandating that

the possession of narcotics its only penalty provision renders the whole 21 U.S.C. 841(b) statutory penalties section supefluous and meaningless.

**Part "G"**

**BECAUSE 846 CONSPIRACY OFFENSE IS MADE PUNISHABLE UNDER THE POSSESSION OF NARCOTICS 841(B) PENALTY PROVISION MANDATES CONGRESS HAS CREATED TWO SEPARATE OFFENSES INTO ONE SINGLE OFFENSE OF POSSESSION**

By the legislatures mandating that the crime of conspiracy to be a punishable offense under the 21 U.S.C. 841(b) possession of narcotics statutory offense requires the court to make a determination whether **title 21 U.S.C. 846** is a conspiracy offense or a possession of narcotics offense. **See, Johnson v United States, 559 U.S. 133 (**

**21 U.S.C. 841(b)** does not define "inchoate offense conduct" nor does it cover the conduct of an "Agreement Only"- Moreover, this court requiring that the conspiracy offense to be punishable under title **21 U.S.C. 841(b)** possession of narcotics penalty provision would render the penalty provision for drug possession meaningless.

Congress could not have created a single penalty provision that punishes an individual for being in possession of narcotics and also for not being in possession of narcotics. Thus, a statute that covers two different types of criminal conduct that are totally at odds with each other mandates that **841(b)** Superfluous and meaningless.

A conspiracy offense does not qualify as a "Possession of narcotics with the intent to Distribute" offense unless the possession of narcotics criminal conduct falls within the elements of 846 conspiracy statute. **See, Borden v United States, 141 S. Ct. 1817 (2021).**

Section 841(b) criminalizes possession of narcotics offenses only. See, Terry v United States, 141 S. Ct 1858 (2021). Subsection (a) makes it unlawful to knowingly or intentionally possess with intent to distribute any controlled substance. Subsection (b) lists additional facts that, if proved, trigger penalties.

21 U.S.C. 841(b) possession of narcotics penalty provision bars the "Inchoate offense conduct". See, Welch v United States, 578 U.S. 120 (2016). The countervailing imperative to ensure that criminal punishment is imposed only when authorized by law.

The separation of powers prohibits a court from imposing criminal punishment beyond what Congress meant to enact. It is only Congress, and not the Courts, which can make conduct criminal. But a court likewise is prohibited from imposing criminal punishment beyond what Congress in fact has enacted by a valid law. In either case a court lacks the power to exact a penalty that has not been authorized by any valid criminal statute.

As here in Mr. Tejada's case, the legislatures never altered the penalty provision to 21 U.S.C. 841(b) to criminalize 846 conspiracy inchoate offense conduct. Therefore, the court is unauthorized to impose 841(b) penalty provision without there being an actual violation of title 21 U.S.C. 841(a) substantive offense.

## Conclusion

Based upon the above cited Supreme Court cited case authority Mr. Tejada prays that the lower court would take judicial notice of all the facts raised within his petition and grant the charged defendant his relief sought.

Respectfully Submitted