FILED
IN CLERKS OFFICE

United States District Court
District of Massachusetts

2022 APR 26 PM 2: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| United States of America | ) |
| | ) Case No.21- 100099- NMG |
| v. | ) |
| | ) |
| Armani Minier- Tejada | ) |
| Defendant, | ) |

**DEFENDANTS MOTION TO DISMISS UNAUTHORIZED BY LAW TITLE 21 U.S.C. 841(B)(1)(A) IMPOSED 10 YEARS TO LIFE PENALTY PROVISION IN LIGHT OF BINDING SUPREME COURT PRECEDENTS WOODEN V UNITED STATES, 142 S. Ct. 1063 (2022); WELCH V UNITED STATES, 578 US 120 (2016); TERRY V UNITED STATES, 210 LED 2D 108 (2021); AND UNITED STATES V CANORI, 737 F.3D 181 (2ND CIR. 2013). PURSAUNT TO FED. R. CRIM. P. 12(B)**

Now into court comes the charged defendant Mr. Armani Minier- Tejada in his pro- se capacity in the above style and cause petition moves the court to dismiss unauthorized by law Congress's title **21 U.S.C. 841(b)** imposed 10 years to life penalty provision in light of Binding Supreme Court Precedents **Wooden v United States, 142 S. Ct. 1063 (2022); Welch v United States, 578 US 120 (2016); Terry v United States, 210 LED 2d 108 (2021); and United States v Canori, 737 f3d 181 (2nd Cir. 2013).**

Binding Second Circuit Court Appeals precedent **United States v Canori, 737 F3d 181 (2nd Cir. 2013)** mandates that:

**21 U.S.C.S. §§ 846 criminalizes a conspiracy to violate 21 U.S.C. § 841(a). It provides that any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy. 21 U.S.C.S. §§ 846.**

Binding Supreme Court Precedent mandates that 846 inchoate offense and 841(b) possession of narcotics Substantive offense be treated as the same offense for Double Jeopardy Purposes because both statutory offenses are governed by the same exact offense specific

1

penalty provisions of 841(b). In **light of Brown v Ohio, 432 U.S. 161, 166, 53 L. 2d 187, 97 S. Ct. 2221 (1977); Albernaz v United States, 450 US 333, 67 L. Ed 275 (1981)**; and **Blockburger v United States, 284 U.S. 299 (1931).**

However, this court could in the alternative issue a mandate that would render 21 U.S.C. 846 conspiracy to distribute offense and 21 U.S.C. 841(b) possession of narcotics with the intent to distribute as being treated now as a single offense. See, Brown v Ohio, Supra.

**Part "A"**

**NEW BINDING SUPREME COURT PRECEDENT WOODEN V UNITED STATES, 142 S. Ct. 1063 (2022) MANDATES THAT THE TWO SEPARATE STATUTORY OFFENSES OF 841 & 846 THAT'S GOVERNED BY THE SAME EXACT PENALTY PROVISION OF 21 U.S.C. 841(B) CONNOTES AS ONE SINGLE OFFENSE. . .**

Binding Supreme Court precedent Wooden V United States, 14 S. Ct. 187 (2022) mandates that a series of 846 & 841(b) possession of narcotics with intent to distribute heroin offenses be treated as a Single Criminal Episode and therefore could count only once under drug trafficking (CSA) penalties provision 21 U.S.C. 841(b)(1)(A)-(b)(1)(B)- and (b)(1)(C).

21 U.S.C. § 841(b)(1)(A) mandates a 10 year mandatory minimum sentence for unlawful narcotics possession when the offender has been convicted under 21 U.S.C. 841(b) for possession of one kilogram or more of heroin- However, possession of 1, 000 grams of heroin begins when a defendant has the power and intention to exercise dominion and control over all 1, 000 grams, and ends when his possession is interrupted by a complete dispossession or by a reduction of that quantity to less than 1,000 grams.

Because the charged defendant's federal drug conspiracy arose from a Single violation of 21 U.S.C. 841(b)(1)(A) penalty provision that requires that Mr. Tejada must have possess one kilogram or more of heroin/fentanyl with the intent to distribute in light of Wooden v United States, 142 S. Ct. 1063 (2022).

2

The Second Circuit Court of Appeals decision in United States v Glen, 312 f3d 58 (2nd Cir. 2002) has held; **"21 U.S.C.S. 841(b)(1)(A) criminalizes possession with intent to distribute and distribution of one kilogram or more grams of a substance or mixture containing heroin."**

Under 21 U.S.C. 841(b)(1)(A)(i), a violation of § 841(a) involving 1, 000 grams or more of heroin requires a mandatory minimum penalty of 10 years imprisonment and sets a maximum penalty of life imprisonment. Under § 841(b)(1)(B)(i), a violation of § 841(a) involving 100 grams or more of heroin requires a mandatory minimum penalty of five years imprisonment and sets a maximum penalty of 40 years imprisonment. Because the weight involved in a violation of § 841(a) increases the penalty, it is an element of the offense that must be proven beyond a reasonable doubt. United States v Rowe, 919 F. 3d 752 (3rd Cir. 2018).

In light of Wooden v United States, 212 L. Ed. 2d 187 (2022), the highest court in the land has mandated that the courts must punish separate drug transactions offenses arising from a Single Episode as one Single offense. See, Winston, 37 f3d at **240 ("It is obvious from [§ 841(b)(1)(A)'s] face- from its use of the phrase "a violation"- that this section violation.")**

### (1); Constitutionality of Section 841(b)'s Possession of Narcotics offense specific Penalty Provision in Light of Welch V United States, 578 US 120 (2016)

In **Welch v United States, 578 US 120 (2016)** the Supreme Court made it clear that: The Separation of Powers prohibits a court from imposing criminal punishment beyond what Congress meant to enact. It is only Congress, and the courts, which can make conduct criminal. But a court likewise is prohibited from imposing criminal punishment beyond what Congress in fact has enacted by a valid law. In either case a court lacks the power to exact a penalty that has not been authorized by any valid criminal statute.

**21 U.S.C. 841(b)** tells how any person who violates **§ 841(a)** shall be punished, depending on the circumstances of his crime (e. g., the type and quantity of controlled substance involved, whether it is a repeat offense). **Moncrieffe v Holder, 569 U.S. 184 (2012); and Terry v United States, 141 S. Ct. 1858 (2021).**

The Supreme Court made clear (as we did in Johnson) that statutory penalties of **841(b)** only applies for all possession of narcotics offenders **under 21 U.S.C. §§ 841(b)(1)(A)(iii) and**

3

**841(b)(1)(B)(iii). Terry, 141 S. Ct. at 1863 ('The statutory penalties . . . charged for all subparagraph (A) and (B) offenders."**

**21 U.S.C. § 841(b)(1)(A)** Criminalizes possession with intent to distribute and distribution of a kilogram or more of a substance or mixture containing Heroin. **See, United States, 312 f3d 58 (2nd Cir. 2002).**

## (2)... THE PLAIN LANGUAGE OF 21 U.S.C. 841(b) STATES THAT IT ONLY APPLIES TO 841(a) POSSESSION OF NARCOTICS OFFENDERS ONLY- THEREFORE, A STATUTE "TRUMPS" A RULE BECAUSE RULES SHALL NOT ABRIDGE, OR MODIFY ANY SUBSTANTIVE RIGHT.

The Second Circuit in the case of **Stoltz v Brattleboro Hous. Auth. (in Re Stoltz), 315 F3d 80 (2nd Cir. 2002)** has mandated that; "We begin statutory interpretation with the understanding that Congress says in a statute what it means and means in a statute what it says. **Hartford Underwriters Ins. Co. v. Union Planters Bank, 147 L. Ed. 2d 1, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947 (2000).**

While the Supreme Court has stated that Section **841(b)** provides three tiers of statutory "penalties" for federal drug offenses under **§ 841(a).** As a base line, **§ 841(b)(1)(C)** specifies a maximum penalty of 20 years imprisonment, with no mandatory minimum. **Sections 841(b)(1)(A) and (B)** then authorize enhanced penalty ranges, including mandatory minimums, for those dealing in higher quantities of narcotics**. See, Terry v United States, 141 S. Ct. 1858 (2021).**

The Second Circuit has stated that **21 U.S.C. § 841(b)(1)(A)** criminalizes possession with intent to distribute and distribution of any controlled substance. **See, United States v Glen, 312 f3d 58 (2nd Cir. 2002).** This court must acknowledge that: "a statute "trumps" a rule because rules shall not abridge, enlarge, or modify any substantive right. Constitutional requirements, however, will trump a conflicting statute, just as a statute will trump a conflicting statute, just as a statute will trump a conflicting rule**. In re Swanson, 312 B. R. 153 (7th Cir. 2004).**

4

The Second Circuit mandates that; "the plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. **Stoltz v Brattleboro Hous. Auth. (in Re Stoltz), 315 F3d 80 (2nd Cir. 2002)**

Possession, actual or constructive, must be shown with respect to each individual conspirator, facilitator, or aider and abettor. Possession by another defendant by itself is not sufficient. **United States v Hernandez, 290 f2d 86 (1961).**

**(3)...IMPOSING 846 INCHOATE OFFENSE CONDUCT UNDER THE "CSA" SUBSTANTIVE OFFENSE PENALTY PROVISION FOR POSSESSION OF NARCOTICS WITH INTENT TO DISTRIBUTE VIOLATE FIFTH AMENDMENT'S GUARANTEE OF DUE PROCESS IN LIGHT OF JOHNSON V UNITED STATES, 576 U.S. 591 (2015)**

The Controlled Substance Act (CSA) creates a comprehensive, closely regulatory regime criminalizing the unauthorized manufacture, distribution, dispensing, and possession of substances classified in any of the CSA's five schedules. United States v Canori, 737 F.3d 181 (2nd Cir. 2013); and Gonzales v Oregon, 546 U.S 243 (2005).

Under the Controlled Substance Act the legislatures had criminalize the unauthorized Manufacture, Distribution, Dispensing, and Possession of substances classified in any of the Act's five schedules. Gonzales v Raich, 545 U.S. 1, 12- 13, 125 S. Ct. 2195 (2005).

In Terry v United States, 210 L. Ed 2d 108 (2021), the Supreme Court has made it clear that; "21 U.S.C. § 841(a) makes it unlawful to knowingly or intentionally possess with intent to distribute any controlled substance. 21 U.S.C. § 841(b) lists additional facts that, if proved, trigger penalties.

The Supreme Court Judges in the Terry case has interpreted the elements of the two subsections of 2U.S.C. § 841. Subsection (a) makes it unlawful to knowingly or intentionally

5

possess with intent to distribute any controlled substance. Subsection (b) lists additional facts that, if proved, trigger penalties.

The 841(b)(1)(A) penalty enhancement kicks in only when a defendant has committed a violation of possession of narcotics offense meeting the definition of "Controlled Substance Offense created under 21 U.S.C. § 841(b)(1)(A).

An offense qualifies as Drug Trafficking crime within the (CSA) "Controlled Substance Act" if it has as an element, the Possession with intent to distribute. See, Borden v United States, 210 LED2D 63 (2021). Thus, the federal conspiracy statute does not cover possession of narcotics with intent to distribute-

Title 21 U.S.C. § 841(b) does not criminalize inchoate offense criminal conduct under the penalties provisions mandated for possession of narcotics offenses only.

## Conclusion

Based upon the above stated reasons and Supreme Court authority Mr. Tejada asked the district court to take judicial notice of all the facts raised within his said motion.

Respectfully Submitted