UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-cr-10099-NMG |
| ) | |
| ARMANI MINIER-TEJADA ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE MOTIONS**

The United States hereby submits its opposition to the filings of Defendant, Armani Minier-Tejada ("Defendant"). The Defendant has filed two pro-se papers that are styled as motions. The first seventeen page filing seeks "to move the court to issue a mandate that separate offenses 841 & 846 consolidated together into one single statutory offense is unconstitutional and unenforceable." ECF#151. The second seeks to "dismiss unauthorized by law Congress's title 21 U.S.C. 841(b) imposed 10 years to life penalty provision." ECF#156. Both motions are largely unintelligible, contain flagrant misstatements of the cited caselaw, are without merit and should be denied.

First, the motion seeking this Court "to issue a mandate that two separate offenses 841 & 846 consolidated together into one single statutory offense is Unconstitutional and unenforceable" (ECF #151) should be denied. The substance of the Defendant's argument, to the extent it can be discerned seems to relate a pretrial ruling that the charge impermissibly merges 21 U.S.C. § 846 with 21 U.S.C. § 841. Not one of the cases cited by the Defendant over the seventeen pages is accurately described or pertains to the substance of the motion. The primary case cited by the Defendant fifteen times in the motion, Cole v. Arkansas, 333 U.S. 196 (1948), has no application to the charges against the Defendant. The holding of Cole v. Arkansas relates to, essentially variance between the criminal statute charged in the information and a different criminal statute

1

proven at trial. Due to this variance, the Supreme Court found that "it is doubtful both that the information fairly informed them of that charge and that they sought to defend themselves against such a charge." Id. at 201. Here, by contrast, the Defendant is well aware of the charges brought against him and the penalty that he faces. Other cases cited by the Defendant do not offer any relief or even pertain to the argument. Other arguments made by the Defendant are confused, vague and conclusory. This first motion should be denied.

Second, the motion seeking dismissal should also be denied. The Defendant argues that "Title 21 U.S.C. § 841(b) does not criminalize inchoate offense criminal conduct under the penalties provisions mandated for possession of narcotics offenses only." ECF #156. This argument is flatly contrary to law. In this case, the Defendant is charged with conspiracy to manufacture, distribute and possess with intent to distribute, 400 grams or more of fentanyl, 280 grams of cocaine base, 50 grams or more of methamphetamine, and an unspecified amount of cocaine, oxycodone, marijuana and other controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), (vi), (vii), and 846. Section 846 of Title 21 states:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846 (2019). Thus, based on unambiguous statutory language, the penalties for conspiring to commit a narcotics offense (as charged in Section 846) are the same as the penalties for the substantive narcotics offense (as specified in 841(b)(1)). As to this issue, Congress' intent was clear: "[A]ny penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense." United States v. Montoya, 891 F.2d 1273, 1293 (7th Cir.1989). Indeed "Congress amended section 846 to clarify that special penalty provisions such

as mandatory minimum sentences and special parole terms imposable for substantive narcotics offenses are also applicable under this section." Montoya, 891 F.2d at 1293.

The Defendant cites Wooden v. United States, 142 S.Ct. 1063 (2022) as requiring dismissal on a basis that two separate statutory offenses are in fact a single offense. The Defendant's argument lacks any logical or legal basis. Wooden offers the Defendant no relief and in fact suggests the opposite. Rather, the holding of Wooden is that multiple offenses taking place during a single criminal episode do not constitute separate offenses under the armed career criminal act. See 142 S.Ct. at 1074 ("Wooden's ten burglary convictions were for offenses committed on a single occasion. They therefore count only once under ACCA."). The Defendant, by contrast, is charged with a single count of conspiracy related to protracted drug and firearm conspiracy with numerous coconspirators. As a result, even under the logic of this argument, the indictment properly charges the Defendant with a single offense. United States v. Broce, 488 U.S. 563, 570–71, (1989) ("A single agreement to commit several crimes constitutes one conspiracy."). This motion should be denied.

Lastly, as the government mentioned at the status hearing on April 28, 2022, the formatting, turns of phrase, and legal arguments of these two motions is similar to a series of filings made by another pro-se Defendant currently in Wyatt. The Defendant in that case, United States v. Juan Rodriguez, 19-CR-400225-TSH, made similar challenges to the penalty provision under 21 U.S.C. 846, on various grounds.[1]  Indeed, the Defendant's pro se filings here largely restate arguments made by defendant, Juan Rodriguez in the similar "disjointed" writing style that "fail[s] to explain

---

[1] See e.g., United States v. Juan Rodriguez, 19-CR-400225-TSH, ECF #382 ("Motion to Bar Prosecution as Unconstitutional"), 384 ("Motion to Bar Prosecution of Offenses Not Created by Congress"), 413 ("Motion to Bar Prosecution on Double Jeopardy Grounds"), 416 ("Motion to Bar Prosecution as Unconstitutional"), 417 ("Motion to Bar Prosecution of Offenses Not Created by Congress").

with any specificity the applicability of the cited legal authority to his case,"[2] with some differences in structure and cases cited. Compare ECF #151 & 156 with 19-CR-400225-TSH, ECF #382, 384, 413, 416, 417. Judge Hillman denied these motions in a summary opinion. See 19-CR-400225-TSH, ECF #443 (attached as Exhibit 1).

The government asks the Court to deny the Defendant's motions on the grounds raised herein, and on the grounds cited by Judge Hillman and Judge Bryant. The government is certainly willing to provide greater and more substantive opposition to the Defendant's arguments. However, given their ambiguity and lack of coherence, the government asks the Court to adopt the reasoning of Judge Hillman and Judge Bryant.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny the Defendant's Motions.

                                      Respectfully submitted,

                                      RACHAEL S. ROLLINS
                                      United States Attorney

By:    */s/ Philip A. Mallard*
        Philip A. Mallard
        Assistant U.S. Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston MA 02210
        617-748-3674

---

[2] See United States v. Robert Hall, Crim. No. 19-CR-65, 2021 WL 54169, at *6-11 (D.Conn. 2021). In Hall, another pro-se Wyatt detainee in the District of Connecticut raised arguments very similar to those raised, that were addressed at length by the Court.

4

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Philip A. Mallard
Philip A. Mallard
Assistant U.S. Attorney

Date: April 30, 2022