United States District Court
District of Massachusetts

FILED
IN CLERKS OFFICE
2022 MAY 12 PM 1:01

| | |
|---|---|
| United States of America ) | |
| ) | Case No.21-100099-NMG |
| v. ) | |
| ) | |
| Armani Minier- Tejada ) | |
| Defendant, ) | |

**DEFENDANT MOTION TO ESTABLISH SHABANI'S HOLDING IS IRRECONCILABLE WITH ALLEYNE-PROOF THAT CONSPIRATOR COMMITTED OVERT ACTS A.K.A. DRUG TRANSACTIONS "DRUG QUANTITY AND TYPE STATUTORY MANDATORY MINIMUMS" IN FURTHERANCE OF CONSPIRACY HELD NOT TO BE REQUIRED IN ORDER TO ESTABLISH VIOLATION OF FEDERAL DRUG CONSPIRACY STATUTE (21 U.S.C. § 846) NOW IS UNCONSTITUTIONAL AND VIOLATES THE DUE PROCESS CLAUSE FIFTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION**

Now into court comes the charged defendant Mr. Armani Minier-Tejada moves the court to rule that binding Supreme Court precedents Apprendi, Blakely, and Alleyne line of cases mandates that Shabani's interpretation of 846 conspiracy offense is "Irreconcilable" with Apprendi and its progeny.

Federal drug conspiracy statute is unconstitutional for not requiring the government to establish "overt acts" and "drug quantity type mandatory minimums before a jury." Therefore, violates federal due process clause, for relieving the government of their burden of proof during a criminal trial.

In the Supreme Court case **Shabani v. United States**, 513 U.S. 10, 120 L. Ed. 2d 225, 115 S. Ct. 382 (1994), made it crystal clear that in order to establish a violation of **21 U.S.C. § 846**, the government need not prove the commission of any overt acts in further commission of a conspiracy. However, the defendant's argument as a matter of first impression stands on the

1

same principles and authority that: *"In order to establish a violation of 21 U.S.C. § 846, the government need not prove the commission of a charge of possession of a drug quantity and type mandatory minimum (Drug Trafficking offense) in furtherance of the conspiracy."* In accordance to **Shabani** the defendant makes the same argument in this matter, and ask the court to take judicial notice that the supreme court relied on **Shabani** interpretation of the drug statute **21 U.S.C. § 846** not requiring an overt act, just as the issue now raised before the court establishing that the statute of **21 U.S.C. § 846** does not require drug quantity and type mandatory minimums. The Statutes plain language does not require an over act, nor drug quantity and type, mandatory minimums, as such a requirement has not been inferred from congressional silence in federal drug conspiracy statute.

Furthermore, the plain language of the statute and settled interpretive principles reveals that proof of an overt act, or drug quantity and type is not required to establish a violation of **21 U.S.C. § 846**. According to the statute of **21 U.S.C. § 846**.

However, the Congress passed the drug conspiracy statute as § 406 of the Comprehensive Drug Abuse Prevention and control Act of 1970, **Pub L 91-513, 84 Stat 1236**. It provided: *"Any person who attempts or conspired to commit any offense defended in this title is punishable by imprisonment or fined or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt of conspiracy."* **Id, at 1265.**

As amended by the Anti-Drug Abuse Act of 1988**, Pub L 100-690, § 6470(a), 102 Stat 4377**, the statute currently provides: *"Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."* **21 U.S.C. §**

<u>846</u>. The language of neither version requires that drug quantity be committed to further the conspiracy.

Therefore, the government must acknowledge that drug quantity and type is now a new element of the federal drug conspiracy statute that requires the government to prove beyond a reasonable doubt every fact that the law makes essential to punishment.

**PART "A" "THE TOUCHSTONE FOR DETERMINING WHETHER A FACT MUST BE FOUND BY A JURY BEYOND A REASONABLE DOUBT IS WHETHER THE FACT CONSTITUTES AN 'ELEMENT' OR 'INGREDIENT' OF THE CHARGED OFFENSE" IN LIGHT OF <u>ALLEYNE, U.S., AT 107</u>, 133 S. CT. 2151, 186 L. ED. 2D 314; <u>SOUTHERN UNION CO.,</u> 567 U.S., AT 349**

The charged defendant Mr. Tejada argues that these definitions explain what the terms and question means in general use, but they were not formulated for the purpose of specifying what "criminal prosecution" means in the specific context of the Sixth Amendment. The Supreme Court defines in **Alleyne** that a *"crime"* as any *"ac[t] to exhibiting formal charged against an offender before a legal tribunal."*

However, the Supreme Court judges made it perfectly clear **"[A]' criminal prosecution' continues and the defendant remains an 'accused' with all the rights provided by the Sixth Amendment, until a final sentence is imposed.** Quoting SOUTHERN UNION CO., 567 U.S., AT 349. "A jury must find beyond a reasonable doubt every fact which the law makes essential to a punishment that a judge might later seek to impose. See Blakely v. Washington, 542 U.S. 296, 304, 124 S. Ct. 2521, 159 L. Ed 2d 403 (2004).

In accordance to the First and Second Circuit Court of Appeals the legislators of the United States must reconstruct the federal drug conspiracy statute 21 U.S.C. § 846 to incorporate drug quantity and type mandatory minimums within the statutory offense itself. United States v. Smith, 954 F.3d 446 (1st Cir 2020).

The government contends, § 841(b)(1)(A)(iii), § 841(b)(1)(B)(iii), § 841(b)(1)(C) are each different statutes with their own statutory penalties. In making this argument, the government relies heavily on Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). In **Alleyne**, the Supreme Court held that mandatory-minimum-raising facts (like the threshold drug quantities in § 841(b)(1)) must be proven to a jury beyond a reasonable doubt under the Sixth Amendment . See **id. At 112-16** (applying **Apprendi v. New Jersey**, *530 U.S. 466, 120 S. Ct. 2348, 147 L. ED. 2d 435* (2000)). Thus, says the government, the subsections of **§ 841(b)(1)** set out different elements and are hence different *"Federal criminal statute[s]."*

The Second Circuit in **United States v. Gonzalez**, *420 F.3d 111* (2d Cir. 2005). Made it perfectly clear that: *"The drug quantities specified in* **21 U.S.C. § 841(b)(1)(A),(B)** *are not mere sentencing factors but elements of aggravated offenses defined by reference to those statutes."* "The principle of **Apprendi** requires quantity to be charged in the indictment and found by a jury only in cases where the quantity results in punishment above a statutory maximum. Nevertheless, because the quantity of drugs involved in a crime may raise a defendant's sentence above the statutory maximum established in **21 U.S.C. § 841(b)(1)(C),** quantity is an element of the offense charged under **21 U.S.C. § 841(b)**."

Here, in the present case the government chose to indict the conspiracy charges under the penalty section of **21 U.S.C. § 841(b)** without congressional authority within the statute of **21 U.S.C. § 846** itself.

Nowhere in the statute of **§ 846** does it prescribes the Defendant charged criminal conduct. However, the statute instructs the court to fill in the missing gaps. **Descamps v. United States**, *570 US 254, 133 S. Ct. 2276, 186 L. Ed 2d 438* (2013). **Descamps** (OVERBREADTH-- MISSING

4

"ELEMENT") most overbroad statues can also be characterized as a missing element; and most statutes missing an element can also be labeled overbroad.

**PART "B" IT IS UNCONSTITUTIONAL FOR THE LEGISLATURES TO REMOVE FROM THE JURY THE ASSESSMENT OF FACTS THAT INCREASE PRESCRIBED RANGE OF PENALTIES TO WHICH A CRIMINAL DEFENDANT EXPOSED**

In **United States v. O'Brien**, *560 U.S. 218, 130 S. Ct. 2169, 176 L. Ed. 2d 979 (2010)*, the Supreme Court held: *"Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt."* **Hamling v. United States**, *418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974)*; **Jones v. United States**, *526 U.S. 227, 232, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)*. Sentencing factors, on the other hand, can be prove to a judge at sentencing by a preponderance of evidence. *See* **McMillan v. Pennsylvania**, *477 U.S. 79, 91-92, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986)*. Though one exception has been established, *see* **Almendarez-Torres v. United States**, *523 U.S. 224, 228, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998)*, *'[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'* "**Apprendi v. New Jersey**, *530 U.S. 366, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)* (quoting **Jones, supra**, *at 252-253, 119 S. Ct. 1215, 143 L. Ed. 2d 311* (Stevens, J., concurring)). In other words, while sentencing factors may guide or confine a judge's discretion in sentencing an offender *"within the range prescribed by statute,"* **Apprendi, supra**, *at 481, 120 S. Ct. 2348, 147 L. Ed. 2d 435*, judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive based purely on the facts found by the jury.

**<u>Here, in the present case at hand Mr. Tejada asserts that title 21 U.S.C. § 846 fails to criminalize any criminal conduct throughout the entire statute. The statute leaves everything in the government's prosecution hands to arbitrarily interpret the statutory offense by modifying and altering the plain language of the statutes text. See 21 U.S.C. § 846.</u>**

The missing elements of drug quantity and type mandatory minimums relives the government of their burden of proof and violates the due process clause. The question of drug quantity and type mandatory minimums properly is one for the jury. The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the element of the crime with which he is charged.

The major problem here:

(1) The statute <u>21 U.S.C. § 846</u> does not require the government to prove the core of the crime to the grand jury (drug quantity and type).

(2) The legislature's branch of government had created the statute to circumvent the federal constitution by allowing the government and the district court judge to modify the element of conspiracy (this is a job for congress and not the courts).

(3) Congress fails to specify under <u>§ 846</u> who should decide the factual question of *"possession of drug quantity and type mandatory minimums"* and what burden of proof should apply to that determination.

(4) The courts is well aware that the statute <u>21 U.S.C. § 846</u> removes from the jury the assessment of facts that increase prescribed range of penalties to which a criminal defendant exposed (Congress purposely and deliberately transferred their legislative powers of defining crimes and its punishment to the prosecution and the judicial system (that is the Executive Branch and the Judicial Branch creating elements of the offense on their own knowledge, wisdom, and understanding)).

THE SIXTH AMENDMENT PROMISES THAT IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL

JURY OF THE STATE AND DISTRICT WHEREIN THE CRIME SHALL BEEN COMMITTED, WHICH DISTRICT SHALL HAVE BEEN PREVIOUSLY ASCERTAINED BY LAW. THE AMENDMENT GOES ON TO PRESERVE OTHER RIGHTS FOR CRIMINAL DEFENDANTS BUT SAYS NOTHING ELSE ABOUT WHAT A TRIAL BY AN IMPARTIAL JURY ENTAILS. **RAMOS V. LOUISIANA**, *590 US___, 140 S CT___, 206 L ED 2D 583, 2020 US LEXIS 2407*

*The Court must take judicial notice that the Supreme Court decision **McMillan v. Pennsylvania**, 477 U.S. 79, 91-92, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986) is no longer good law, which has been overruled. See **Alleyne v. United States**, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).*

**PART "C" UNDER THE DUE PROCESS CLAUSE IT IS A JOB FOR CONGRESS AND NOT THE COURTS TO INCORPORATE DRUG QUANTITY AND TYPE STATUTORY MANDATORY MINIMUMS CREATED UNDER 21 U.S.C. § 846. THEREFORE, THE NON-DELEGATION DOCTRINE BARS CONGRESS FROM TRANSFERRING THEIR LEGISLATIVE POWER TO THE EXECUTIVE AND JUDICIAL BRANCH.**

In the First circuit Court of Appeals case **United States v. Lindia**, *82 F.3d 1154* (1st Cir. 1996) the court made it perfectly clear that: *"Drug quantity is not an element of the offense of conviction, **21 U.S.C. §§ 846, 841(a)(1)**, but is typically relevant only for determining the penalty. **21 U.S.C. § 841(b)**. As such, drug quantity for purposes of **§ 841(b)** is determined by the sentencing court under a preponderance of the evidence standard. Only crimes and offenses specifically enumerated by statute are indictable."* See **Haas v. Henkel**, *216 U.S. 462, 54 L Ed 569, 570-71* (1910).

## CONCLUSION

The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged in light of In Re **Winship**, *397 U.S. 358, 364, 25 L. Ed 2d 368, 90 S. Ct. 1068* (1970) (emphasis added); *see also* **Jackson v. Virginia,** *443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781* (1979). Due to the defendant being deprived of his due process this matter this Honorable Court shall be dismissed with prejudice.

Respectfully Submitted,

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America | ) |
| | )    Case No.21- 100099- NMG |
| v. | ) |
| | ) |
| Armani Minier- Tejada | ) |
|             Defendant, | ) |

**DEFENDANT MOTION TO ESTABLISH THAT THE (CSA) 21 USC 841(B) CONSPIRING BILATERAL PENALTY PROVISION VIOLATES THE FIFTH AMENDMENT'S GUARANTEE OF DUE PROCESS BECAUSE THE PENALTY CLAUSE IS UNCONSTITUTIONALY VAGUE AND INVITES ARBITRARY ENFORCEMENT BY JUDGES IN LIGHT OF CITY OF CHI V MORALES, 527 U.S. 41 (1999) AND JOHNSON V UNITED STATES, 576 U.S 591 (2015)**

    Now into court comes the charged defendant Armani Minier- Tejada in the above style and cause motion moves the court to issue a mandate that the "Distribution of Narcotics Penalty Provision" created under 841(b) violate Fifth Amendment's guarantee of Due Process because the "distribution 841(b) penalty provision" denies fair notice that applies also to "Inchoate offense offenders in light of Johnson v United States, 576 U.S 591 (2015).

    The Controlled Substance Act Statutory Penalty created under 21 U.S.C. 841(b)(1) violates the Fifth Amendment Due Process for being vaguely applied and should be ruled unconstitutional and unenforceable in light of binding Supreme Court precedent City of Chi v Morales, 527 U.S 41 (1999) and Johnson v United States, 576 U.S 591 (2015).

    21 U.S.C. 841(b) produces a substantial amount of unpredictability and arbitrariness than the Due process Clause tolerates- The penalty provision being the same penalty provision for "Inchoate offenses" and "Substantive offenses" requires a numerous amount of legally "Impermissible Applications" falling from the same apple tree of 21 U.S.C. 841(b).

1

Vague statutes have the effect of delegating law making authority to the Executive branch. Sessions v Dimaya, 138 S. Ct. 1204 (2018). The federal drug trafficking penalty provision 21 U.S.C. 841(b) arbitrarily applying to multiple non-existent – non-cognizable federal offenses renders the whole entire penalty provision unconstitutionally vague.

Because the clause has both an ordinary-case requirement and an ill-defined bilateral threshold, it necessarily devolves into guesswork and intuition, invites arbitrary enforcement, and fails to provides fair notice.

**REASONS FOR GRANTING MOTION;**

**(1)...BY THE COURT ARBITRARILY IMPOSSING THE SAME EXACT PENALTIES TO NUMEROUS SEPARATE EXISTENT AND NON-EXISTENT DIFFERENT STATUTORY OFFENSES RENDERS THE 841 PENALTIES UNCONSTITUTIONALLY VAGUE**

The power of a court to determine the meaning of a statute carries with it the power to describe its extent and limitations as well as the method by which they shall be determined. See, Chicago v Morales, 527 US 41 (1999).

As here in Mr. Tejada's case the government seeks to impose 21 U.S.C. 841(b) criminal liability for his non-distribution offense of conspiracy that revolves around a violation 21 U.S.C. 846 crime of an agreement only.

The statute 21 U.S.C. 841(b) penalty provision is unconstitutionally applied to the present case at hand because the charged defendant was never arrested for being in possession of narcotics to suggest he had culpability with the intent to distribute narcotics. There is absolutely no evidence whatsoever to substantiate the penalty provision created under the (CSA) 21 U.S.C. 841(b).

The Supreme Court in the case of Chicago v Morales, Supra. The Supreme Court has mandated that; "vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement. See Kolender v Lawson, 461 US, at 357, 75 L Ed 2d 903, 103 S. Ct. 1855.

Accordingly, we first consider whether the ordinance provides fair notice to the citizen and then discuss its potential for arbitrary enforcement.

## 21 U.S.C. 841(b) Is Unconstitutionally Vague: Because the statute applies to more than two classes of offenders – those that [Possess/Distribute narcotics] and to those that does not [Possess/Distribute Narcotics]

**(2)...THE 21 U.S.C. 841(B) POSSESSION WITH INTENT TO DISTRIBUTE STATUTORY PENALTY PROVISION CANNOT ALSO BE THE SAME PENALTY PROVISION FOR "NON-POSSESSION OF NARCOTICS OFFENDERS" AS WELL AND STILL NOT BE CONSIDERED UNCONSTITUTIONALLY VAGUE – THE GOVERNMENT CANNOT HAVE IT BOTH WAYS**

Due process requires that before an administrative penalty attaches, an individual must have fair warning of the conduct prohibited by the statute or the regulation that makes such a sanction possible. See, Prosser v Comm'r, 777 f3d 582 (2nd Cir. 2015).

The penalty provision 841(b) of the federal Controlled Substance Act is unconstitutionally vague and violates the federal Due Process Clause because it impossible to say that Congress intended statute to impose "Distribution of narcotics" criminal liability upon "inchoate offense offenders" or that the 841 penalty gave defendants fair warning that mandatory minimum penalties of 841(b) would apply to their conduct.

3

21 U.S.C. 841(b) penalty provision was factually designed for "Possession with intent to Distribute offenders only"- The **"offense specific"** penalty provision should not be able to apply to conduct the statute had not previously been understood to reach. See, United States v Davis, 204 L. Ed 2d 757 (2019).

In the Davis case, the Supreme Court has mandated that: 18 U.S.C. § 924(c)(3)(B) was held as unconstitutionally vague as it was impossible to say that Congress intended statute to impose additional punishment or that law gave defendants fair warning that mandatory penalties of § 924(c) would apply to their conduct. See, Davis, Supra.

Here as in the Davis case, the charged defendant Mr. Tejada makes that same exact similar substantive argument that Davis had made to 18 U.S.C. § 924(c)(3)(B) here Mr. Tejada now asserts that 21 U.S.C. § 841(b) should be held as also being unconstitutionally vague for being a penalty to numerous applications that the penalty provision does not cover.

## The Law:

In our constitutional order, a vague law is no law at all. Only the people's elected representatives in Congress have the power to write new federal criminal laws. And when Congress exercise that power, it has to write statutes that give ordinary people fair warning about what the law demands of them.

Vague laws transgress both of those constitutional requirements. They hand off the legislature's responsibility for defining criminal behavior to elected prosecutors and judges, and they leave people with no sure way to know what consequences will attach to their conduct. When Congress passes a vague law, the role of courts under the constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again.

4

In Johnson case, the Supreme Court has held that: The Fifth Amendment provides that no person shall be deprived of life, liberty, or property, without Due Process of law. The Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.

The prohibition of vagueness in criminal statutes is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law, and a statute that flouts it violates the first essential of due process. These principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences. See, Johnson, 576 U.S 591 (2015).

Accordingly, in deciding whether the (CSA) 21 U.S.C. § 841(b) statutory penalty provision covers a certain crime thus requires a court to picture the kind of conduct that the crime involves in "ordinary case," and to judge whether that abstraction presents a case of "Possession with intent to Distribute narcotics".

The court must determine whether Mr. Tejada's conduct consists of him being in possession of narcotics during the time frame of his arrest and also whether or not did he possess the intent to distribute the alleged narcotics as well.

Two features of the (CSA) 21 U.S.C. § 841(b) penalty provision conspire to make it unconstitutionally vague. In the first place, the 841(b) penalty for violations of only 841(a)(1) offenses leaves great uncertainty about how to estimate its reach to "Inchoate offenses" as well.

A great uncertainty of the (CSA) 21 U.S.C. § 841(b) penalty provision takes place when the court mandates that the Substantive offense penalty provision is also the crime of Inchoate

5

offense conduct as well. Thus, 841(b) penalty provision cannot be home to both offenses and still has a strict liability placed upon those that must possess the narcotics in hand.

Such an operation of 21 U.S.C. 841(b) being applied to both federal offenses 21 U.S.C. 841(a)(1) possession with intent to distribute offenses and also 21 U.S.C. 846 inchoate offense offenders automatically renders 841(b) unconstitutionally vague. See, Welch v United States, 136 S. Ct. 1257 (2016).

The void-for- vagueness doctrine prohibits the government from imposing sanctions under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. Welch, Supra.

**(2)...21 U.S.C. 841(b) STATUTORY PENALTY PROVISION FAILS TO PROVIDE FAIR NOTICE THAT IT ALSO IMPOSES PENALTIES UPON "NON-DISTRIBUTION" OFFENDERS: THOSE WHO DOES NOT DISTRIBUTE/POSSESS NARCOTICS**

The crux of Mr. Tejada's novel argument revolves around how the (CSA) 21 U.S.C. 841(b) statutory penalty provision conspires to make it unconstitutionally vague. See, Session v Dimaya, 138 S. Ct. 1204 (2018).

The statutory penalty provision created under 21 U.S.C. 841(b) conspires to imposes criminal sanctions upon not only the guilty but also it places its penalties upon also the innocent individuals as well. The unconstitutionally vague penalty provision runs rampant throughout numerous impermissible applications that not covered by the (CSA) unconstitutionally vague penalty provision.

According to the government 21 U.S.C. 841(b) penalty provision is "Sentencing Factors" sometimes and "Offense Elements" sometimes as well. Thus, the same penalty provision 841(b) "Invites Arbitrary Enforcement" by district courts prosecutors and trial judges.

The one size shoe that fits all unconstitutionally vague 841(b) penalty provision should be held unenforceable and unconstitutional in light of Johnson v United States, 576 U.S., at 597, 135 S. Ct. 2551, 192 L. Ed. 2d 569. However, Johnson declared the residual clause not just too vague as applied in that case but also facially vague-meaning that the residual clause could never be employed consistent with the Constitution.

The question here is whether the (CSA) 21 U.S.C. 841(b) penalty provision encompasses Mr. Tejada's alleged charged criminal conduct of "Non-Distribution" – "Non-Possession of Narcotics" created under an inchoate offense?

The "Controlled Substance Act" provides enhanced penalties for criminals convicted of certain "Possession with Intent to Distribute", manufacturing, distributing and dispensing of an controlled substance substantive offense. See, Terry v United States,

As relevant here, the Act defines a "Drug Trafficking Crime" as a crime punishable by imprisonment under subsection 841(b)(1)(A) ten years to life and five years to forty for offenses under 841(b)(1)(B) that has an element of "Manufacturing, Distributing, and Dispensing along with the possession.

Offenses that does not have the elements of "manufacture, distribute, and dispensing of a controlled substance" does not qualify as "drug trafficking crimes. See, Mcfadden v united States, 526 U.S 186 (2015)

Holding: 21 U.S.C. § 841(a)(1) required the United States to establish that a defendant knew he was dealing with a controlled substance, and, when the substance was an analogue, that knowledge requirement was met if the defendant knew that the substance was controlled

under the Controlled Substances Act or the Controlled Substance Analogue Enforcement Act of 1986, even if he did not know its identity.

The Supreme Court has issued a mandate in the case of Terry v United States, 210 LED2D 108 (2021) that in light of the clear text, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, modified the statutory penalties only for 21 U.S.C.S. § 841(b)(1)(A) and (B) crack offenses, i. e., the offenses that triggered mandatory-minimum penalties.

21 U.S.C.S. § 841(a) makes it unlawful to intentionally possess with intent to distribute any controlled substance. 21 U.S.C.S. § 841(b) lists additional facts that, if proved, trigger penalties. See, Terry v United States, 210 LED2D 108 (2021).

**(3)...THE FIFTH AMENDMENT DUE PROCESS CLAUSE DOES NOT TOLERATE THE CRIME OF 21 U.S.C. § 846 INCHOATE OFFENSE BEING PUNISHABLE UNDER 841(b) PENALTY PROVISION FOR "POSSESSION/DISTRIBUTION" OFFENDERS ONLY**

The crux of Mr. Tejada's argument asserts that his Fifth Amendment Due Process clause does not tolerate the government imposing criminal sanctions upon the charged defendant for possession of narcotics with intent to distribute when the defendant was only charge for being in violation 846 inchoate offense.

21 U.S.C. 841(b) produces more unpredictability and arbitrariness than Due Process Clause tolerated where it allows the "Inchoate offense Conduct" to be fixed into the definition of 841(b) penalty provision that was handed down by Congress to only apply to those who was charged for a violation of 21 U.S.C. 841(a)(1) substantive offenses only.

The government would have to acknowledge that the (CSA) does not criminalize "inchoate offense Conduct" under the provisions of the federal "Controlled Substance Act" 21 U.S.C. 846. See, Gonzales v Oregon, 546 U.S. 243 (2006).

8

In the present case at bar the charged defendant asserts that the government is arbitrarily imposing 21 U.S.C. 841(b) penalties upon those that are not convicted of "21 U.S.C. 841(a)(1) Distribution" offenses. See, Terry v United States, 210 L Ed 2d 108 (2021).

21 U.S.C. §841(b) lists additional facts that, if proved, trigger penalties. See, Terry v United States, 210 L Ed 2d 108 (2021).

Here, the charged defendant Fifth Amendment Due Process Clause dose not tolerate the federal government unconstitutional procedures to convict and sentence the innocent to crimes that are not defined within the statute 21 U.S.C. 841(b) statutory penalty provision. See, City of Chi. V Morales, 527 U.S. 41 (1999).

The prohibition of conspiracy under 21 U.S.C. 846 does not impose criminal liability under 841(b) possession of narcotics penalty provision. Thus, the government conspires with the penalty provision of 841(b) to impose its penalties upon defendant's that are not charged with a violation of the penalty provision offense that is created under title 21 U.S.C. 841(a)(1).

**(4)...THE CLEAR TEXT MEANING DEFINITION OF THE 841(B) STATUTORY PENALTY PROVISION DOES NOT DEFINE "INCHOATE OFFENSE CONDUCT" AS BEING CRIMINALLY UNDER (CSA) PENALTY PROVISION—THEREFORE, 21 U.S.C. 846 NOR 841(b) GIVES FAIR WARNIG UNDER THE DUE PROCESS CLAUSE THAT 841(b) PENALTIES FOR POSSESSION OF NARCOTICS IS THE SAME PENALTY PROVISION FOR THE CRIME OF AN AGREEMENT**

Federal law prohibits any drug trafficking crimes that consists of the elements manufacturing, distributing, and the dispensing of a controlled substance. 21 U.S.C. 841(a)(1) See, Terry v United States, 210 L Ed 2d 108 (2021).

A person who violates that restriction can be sentenced to prison for up to 15 years. However, the Controlled Substance Act 21 U.S.C. 841(b) penalty provision of 1986 imposes a

9

much more severe penalty for only those that are convicted of a "Distribution of Narcotics" that stimulates from a violation of 21 U.S.C. 841(a)(1) substantive offense.

21 U.S.C. 841(b)(1)(A) and (B) penalties connotes "Sentencing Enhancements" based on facts of law that are not covered by the actual offense of 21 U.S.C. 841(a)(1). Thus, the vagueness of the "Sentencing Enhancements" that created under 21 U.S.C. 841(b) does not qualify as an "inchoate offense penalty provision". See, Welch v United States, 136 s. Ct. 1257 (2016)

The void-for- vagueness doctrine prohibits the government from imposing sanctions under a criminal law so vague that it fails to give ordinary people fair warning/notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.

Accordingly, such actions were held unconstitutionally vague in the Supreme Court case Johnson v United States, 135 S. Ct. 2551 (2015) Holding in Johnson, Supra. That increased sentence under 18 U.S.C. § 924(e)(2)(B)' residual clause violated due process under Federal Constitution's Fifth Amendment—Announced new substantive rule that applied retroactively.

Here in the present case at hand the (CSA) penalty provision 841(b) operates without a definition and leaves it uncontrollable to where it more than invites arbitrary law enforcement.

**(5)...THE SEPARATION OF POWERS PROHIBITS A COURT FROM IMPOSING CRIMINAL PUNISHMENT BEYOND WHAT CONGRESS MEANT TO ENACT. –CONGRESS DID NOT ENACT 841(B)(1)(A) AND (B)(1)(B) PENALTIES FOR INCHOATE OFFENSE OFFENDERS**

In Supreme Court in Welch v United States, 136 S. Ct. 1257 (2016), the court has held that: The Separation of powers prohibits a court from imposing criminal punishment beyond what Congress meant to enact. It is only Congress, and not the courts, which can make conduct criminal. But a court likewise is prohibited from imposing criminal punishment beyond what

Congress in fact has enacted by a valid law. In either case a court lacks the power to exact a penalty that has not been authorized by any valid criminal statute.

21 U.S.C. 841(b) substantive enhancement penalty provision does not criminalize "Inchoate Offense conduct" – The federal (CSA) 841(b) penalty provision does not mention any "Conspiracy Offenses" – Therefore, title 21 U.S.C. 841(b) penalties does not allow the government to enforce its penalties upon those that are not convicted of a distribution offense that is created under 21 U.S.C. 841(a)(1). See, Terry v United States, 210 L Ed 2d 108 (2021).

The Separation of powers doctrine bars the court from arbitrary enforcing 841(b)(1)(A) and (b)(1)(B) upon the convictions of Inchoate offenses because nowhere in the substantive penalty provision of the federal (CSA) does our Congress says that it criminalizes 846 conspiracy offense. See, Welch v United States, 136 S. Ct. 1257 (2016).

The Separation of powers doctrine bars the government from arbitrary enforcing 841(b) Enhancement Penalties upon those that are convicted of title 21 U.S.C. 846 conspiracy offenses only.

The actions of the federal government enforcing unconstitutional bilateral penalties upon Mr. Tejada mandates that 841(b) is vague and uncontrollable especially where the penalty provision does not apply to violations of 21 U.S.C. 846 conspiracy offenses.

Mr. Tejada asserts that his arrest is not supported by any "possession with intent to distribute" federal crime that's created under title 21 U.S.C. 841(a)(1). Therefore, the court must dismiss his unconstitutionally non-punishable inchoate offense in light of Terry v United States, 210 L Ed 2d 108 (2021).

## Conclusion

The defendant Mr. Tejada prays that the District court would use its Supervisory Powers to help grant the charged defendant Mr. Tejada his relief sought to help prevent a further miscarriage of justice or in the alternative further deems whatsoever this honorable judge feels that is just and appropriate.

Respectfully Submitted

## CERTIFICATE OF SERVICE

I Mr. Tejada hereby certify that the foregoing document is being served today by United States mail to The District Court, AUSA.

Respectfully Submitted

8