UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                              )<br>)<br>ARMANI MINIER-TEJADA              )<br>)<br>  Defendant.                                     ) | Criminal No. 19-cr-10099-NMG |

**GOVERNMENT'S SECOND OPPOSITION TO DEFENDANT'S PRO SE MOTIONS**

The United States hereby submits its opposition to the filings of Defendant, Armani Minier-Tejada ("Defendant"), docketed under ECF #160. The Defendant has again filed two pro-se papers that are styled as motions, and were docketed in a single entry. The first seven page filing seeks "Establish Violation Of Federal Drug Conspiracy Statute (21 U.S.C.§846) Now Is Unconstitutional And Violates The Due Process Clause Fifth And Fourteenth Amendments Of The Federal Constitution." ECF#160, pages 1 through 7. The second seeks to "Establish That The (CSA) 21 USC 841(B) Conspiring Bilateral Penalty Provision Violates The Fifth Amendment's Guarantee Of Due Process Because The Penalty Clause Is Unconstitutionaly (sic) Vague And Invites Arbitrary Enforcement." ECF#160, pages 8 through 20. Both motions are largely unintelligible, continue contain flagrant misstatements of the cited caselaw, are without merit and should be denied.

As an initial matter, the Defendant remains represented by counsel has not yet been permitted to waive his right to counsel and proceed pro-se. Furthermore, on April 29, 2022, this Court granted the Defendant the limited opportunity to file a pro-se motion to suppress on or before May 6, 2022. See ECF #157 ("Defendant may file a pro se Motion to Suppress by 5/6/22."). No such motion was filed. Rather, the Defendant elected to file these two pro-se motions on May 12, 2022, that sound in the same tone and tenor as the prior motions that the government has previously

1

opposed, and were filed by other defendants also detained at Wyatt. See ECF #160. Since the Defendant failed to comply with the Court's Order regarding the single type of motion he was permitted to file and is currently represented, the Court may strike the motions or summarily deny them under the principals articulated in United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel."). Even so, to the extent the Defendant's motions articulate a request for specific relief, the Court can confidently deny them.

### A. The First Motion Should be Denied

In general, the Defendant's first motion claims that "Shabani's interpretation of 846 conspiracy offense is 'Irreconcilable' with *Apprendi* and its progeny." ECF #160. The Defendant seems to seek dismissal of the case. See ECF# 160, p. 7 ("deprived of his due process this matter this Honorable Court shall be dismissed with prejudice"). This motion is simply wrong and logically unsound largely under the reasoning articulated in United States v Eirby, 262F.3d 31 (1st Cir. 2001).

First, the motion makes references to Shabani v. United States, 513 U.S. 10 (1994), and notes that this case holds that "the government need not prove the commission of any overt acts in further commission of a conspiracy." ECF #160, p. 3. The Defendant then claims that the "the government must acknowledge that drug quantity and type is now a new element of the federal drug conspiracy statute that requires the government to prove beyond a reasonable doubt every fact that the law makes essential to punishment." ECF #160, p. 3.[1] The government agrees that it

---

[1] The motion continues on to reference, Blakely and Alleyne, and notes that the "The government contends,§ 841(b)(1)(A)(iii}, § 841(b)(1)(B)(iii), § 841(b)(1)(C) are each different statutes with their own statutory penalties. In making this argument, the government relies heavily on Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013)." ECF #160, p.4. The government is unsure to what the Defendant is referring, but suggests that this portion of motion reveals that the motion was most likely cut and pasted from another filing.

must prove that the drug conspiracy and certain applicable mandatory minimum allegations concerning drug type and weight must be proven beyond a reasonable doubt in order to trigger the mandatory minimum sentences.

The motion then continues to state that "in the present case at hand Mr. Tejada asserts that title 21 U.S.C. § 846 fails to criminalize any criminal conduct throughout the entire statute. The statute leaves everything in the government's prosecution hands to arbitrarily interpret the statutory offense by modifying and altering the plain language of the statutes text" claiming that the "missing elements of drug quantity and type mandatory minimums relives the government of their burden of proof and violates the due process clause." ECF #160, p. 6. The government notes that drug quantity, and type are specifically alleged against the Defendant in the Indictment, and the government will request that the jury be instructed on those elements as a basis for the jury to find that the mandatory minimum drug type and weights were proven beyond a reasonable doubt. Again, this argument is in truth no argument at all.

The final section seems to reference the case of United States v. Lindia, 82 F.3d 1154 (1st Cir. 1996) which is a 1996 First Circuit opinion that precedes Apprendi,[2] and the now common-place requirements that certain elements of a drug conspiracy alleging mandatory minimum drug quantities be proven beyond a reasonable doubt. To the extent Lindia held that drug quantity and type were sentencing considerations and not necessary to be proven beyond a reasonable doubt in order to trigger mandatory minimums, Lindia was necessary overruled by Apprendi. See United States v. Eirby, 262 F.3d 31, 36 (1st Cir. 2001) (noting complication of Apprendi to Lindia's holding). As such, the Defendant's motion presents no argument at all, and does not articulate any grounds for dismissal whatsoever. The first motion should be denied.

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000)

### B. The Second Motion Should be Denied

The Defendant's second motion seeks this Court to issue a mandate that the "'Distribution of Narcotics Penalty Provision' created under 841(b) violate Fifth Amendment's guarantee of Due Process because the 'distribution 841(b) penalty provision' denies fair notice that applies also to 'Inchoate offense offenders in light of Johnson v United States, 576 U.S 591 (2015).'" ECF #160, p. 8. The Defendant's argue is largely unintelligible but seems to claim that the drug penalty statute is unconstitutionally vague because it is applied to both substantive offenders charged under 21 U.S.C. § 841(a)(1), and those charged with conspiracy under 21 U.S.C. § 846. This is largely the same argument raised by the Defendant in his prior motions (ECF #151, 156), with the filing now peppered with the terms "vague" and "notice." ECF #160, p. 8-19.

The same legal basis that establishes the proper application of the mandatory minimum penalties to the drug conspiracy statute, makes clear that they are not vague. Indeed "Congress amended section 846 to clarify that special penalty provisions such as mandatory minimum sentences and special parole terms imposable for substantive narcotics offenses are also applicable under this section." United States v. Montoya, 891 F.2d 1273, 1293 (7th Cir.1989). To be sure, this same argument was raised by the pro-se Defendant in United States v. Juan Rodriguez, Docket No. 19-CR-40025, in Docket Entry #412, and summarily denied by Judge Hillman in the summary opinion previously cited by the government in its first opposition.[3] The government asks the Court to deny the motion on the same basis.

---

[3] See Docket No. 19-CR-40025, ECF #443, p. 4 ("It is clear from the text of 21 U.S.C. § 846 that the crime of conspiracy carries the "same penalties" as the crime of the "object of the . . . conspiracy." It is equally clear, at the very least from case law, *see United States v. Paz-Alvarez*, 799 F.3d 12, 28 (1st Cir. 2015), that a person need not achieve the object of the conspiracy to be convicted of the crime of conspiracy, *see United States v. Marrero-Ortiz*, 160 F.3d 768, 773 (1st Cir. 1998) ("proof of direct participation in the sale of drugs is not required to convict in a drug conspiracy case"). Thus, the motion is denied.").

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny the Defendant's Motions.

                Respectfully submitted,

                RACHAEL S. ROLLINS
                United States Attorney

By:    */s/ Philip A. Mallard*
        Philip A. Mallard
        Assistant U.S. Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston MA 02210
        617-748-3674

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                */s/ Philip A. Mallard*
                Philip A. Mallard
                Assistant U.S. Attorney

Date: May 23, 2022