United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Armani Minier-Tejada,<br><br>Defendant. | Criminal Action No.<br>21-10099-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court are several motions filed by defendant Armani Minier-Tejada ("Minier-Tejada" or "defendant"). In sum and substance they seek dismissal of the indictment, as well as some other miscellaneous relief. For the reasons that follow, the motions (Docket Nos. 151, 156 and 160) will be denied.

I. **Background**

In May, 2021, Minier-Tejada was charged with one count of conspiring to manufacture and distribute illegal drugs, in violation of 21 U.S.C. § 846, ("Count I"), and one count of conspiring to possess, carry and use firearms in relation to that offense, in violation of 18 U.S.C. § 922(o) ("Count II"). He denies the charges and has moved, pro se, to "establish binding Supreme Court precedents" which he contends preclude his conviction on Count I (or at least his sentencing) as a matter

of law.[1] The government disparages the motions as largely unintelligible and without merit.

## II. Motion to Dismiss

Although not so styled, Minier-Tejada's motions seek, in essence, dismissal, in part, of the indictment and, accordingly, the Court considers them under the standard of Fed. R. Crim. P. 12(b)(3).

### A. Legal Standard

An indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment or a portion thereof may be dismissed if the facts as pled demonstrate that, as a matter of law, the prosecution will not be able to prove each of the elements of the charged offense, United States v. Huet, 665 F.3d 588, 596-97 (3d Cir. 2012) (citing Fed. R. Crim. P. 12(b)(3)(B)), or that the statute creating the offense is unconstitutional, United States v. Seuss, 474 F.2d 385, 387 n.2 (1st Cir. 1973) (explaining that "the defense of failure of an indictment to charge an offense includes the claim that the statute apparently creating the offense is unconstitutional"); United States v. Witkovich, 353

---

[1] Minier-Tejada is represented by appointed counsel, his second. At the behest of defendant, counsel has, however, moved to withdraw. The Court has held that motion under advisement pending consideration of Minier-Tejada's pro se submissions.

U.S. 194 (1957). When considering a motion to dismiss in a criminal case, a court accepts the factual allegations in the indictment as true. Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952).

**B. Application**

Minier-Tejada first contends that he cannot be charged with conspiracy under 21 U.S.C. § 846 (i.e., Count I) and sentenced as if he were convicted of the object offense under 21 U.S.C. § 841. That argument immediately encounters an insuperable obstacle, namely the text of § 846, which provides that Minier-Tejada or any similarly charged defendant shall, if convicted,

> be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846. Undeterred, defendant next argues that the conspiracy statute is unconstitutional insofar as it prescribes the same penalties as another statute, i.e. § 841. That assertion relies on a myriad of irrelevant authority, including the Double Jeopardy Clause of the United States Constitution and Blockburger v. United States which forbid, respectively, trying a defendant twice or charging him with multiple identical offenses for the same conduct. U.S. Const. amend. V, cl. 2; Blockburger v. United States 284 U.S. 299, 304 (1932). Neither the Constitution nor any federal precedent proscribes, however, the imposition of the penalties specified in § 841 for a

violation of § 846 and, more generally, the fact that one statute incorporates the penalty provisions of another by reference bespeaks no infirmity. See, e.g. United States v. Montoya, 891 F.2d 1273, 1293 n.25 (7th Cir. 1989) (explaining that "any penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense"); United States v. Fiume, 708 F.3d 59, 63 (1st Cir. 2013) (affirming sentence for stalking in violation of court order under statute which incorporated penalty provisions by reference).

The rest of Minier-Tejada's arguments are incomprehensible, irrelevant or appear to relate to sentencing matters and thus premature.

ORDER

For the foregoing reasons, the motions of defendant Armani Minier-Tejada (Docket Nos. 151, 156 and 160) are **DENIED**.
**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated June 6, 2022