UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

(4) ARMANI MINIER-TEJADA,
a/k/a "Shotz", a/k/a "Gustavo",

Defendant.

Criminal No. 21-10099-NMG

Violations:

Count One: Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl, 500 Grams or More of a Mixture and Substance Containing Methamphetamine, Cocaine, and Other Controlled Substances
(21 U.S.C. § 846)

Count Two: Conspiracy to Use and Carry a Firearm During and in Relation to, and Possess a Firearm in Furtherance of, a Drug Trafficking Crime
(18 U.S.C. § 924(o); 18 U.S.C. § 2)

Count Three: Use and Carrying, Brandishing and Discharge of a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime
(18 U.S.C. §§ 924(c)(1)(A) and (B)(ii); 18 U.S.C. § 2)

Drug Forfeiture Allegation:
(21 U.S.C. § 853)

Firearm Forfeiture Allegation:
(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))

THIRD SUPERSEDING INDICTMENT

COUNT ONE
Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute
400 Grams or More of Fentanyl, 500 Grams or More of a Mixture and Substance Containing
Methamphetamine, Cocaine, and Other Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

Between on or about January 1, 2019 and March 26, 2021, in Cambridge, Lynn, Malden, Salem, Somerville, and elsewhere, in the District of Massachusetts, the District of Maine, and elsewhere, the defendant,

(4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo",

conspired with persons known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi), is applicable to this Count.

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii), is applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and

substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo". Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to (4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo".

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo". Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to (4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo".

All in violation of Title 21, United States Code, Section 846.

COUNT TWO

Conspiracy to Use and Carry a Firearm During and in Relation to, and Possess a Firearm in Furtherance of, a Drug Trafficking Crime
(18 U.S.C. § 924(o); 18 U.S.C. § 2)

The Grand Jury further charges:

Between on or about January 1, 2019 and March 26, 2021, in Cambridge, Lynn, Malden, Salem, Somerville, and elsewhere, in the District of Massachusetts, the District of Maine, and elsewhere, the defendant,

(4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo",

conspired with persons known and unknown to the Grand Jury, to use and carry one or more firearms during and in relation to, and knowingly possess one or more firearms in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to manufacture, distribute and possess with intent to distribute 400 grams or more of fentanyl, a Schedule II controlled substance, 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, cocaine, a Schedule II controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 846, as set forth in Count One of this Third Superseding Indictment.

It is further alleged that the offense charged in Count Two included at least one firearm that is a machinegun, as defined by 18 U.S.C. § 921(a)(24), and 26 U.S.C. § 5845(b). Accordingly, the aggravated maximum penalty set forth in Title 18, United States Code, Section 924(o) is applicable to (4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo".

All in violation of Title 18, United States Code, Sections 924(o) and 2.

COUNT THREE
Use and Carrying, Brandishing and Discharge of a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime
(18 U.S.C. §§ 924(c)(1)(A) and (B)(ii); 18 U.S.C. § 2)

The Grand Jury further charges:

Between on or about January 1, 2019 and March 26, 2021, in Cambridge, Lynn, Malden, Salem, Somerville, and elsewhere, in the District of Massachusetts, the District of Maine, and elsewhere, the defendant,

(4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo",

did use and carry, brandish, and discharge, one or more firearms during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to manufacture, distribute and possess with intent to distribute 400 grams or more of fentanyl, a Schedule II controlled substance, 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, cocaine, a Schedule II controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 846, as set forth in Count One of this Third Superseding Indictment, and did knowingly possess one or more firearms in furtherance of said drug trafficking crime.

It is further alleged with respect to Count Three that at least one of the firearms is a machinegun, as defined by 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b). Accordingly, Title 18, United States Code, Section 924(c)(1)(B)(ii), is applicable to (4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo".

All in violation of Title 18, United States Code, Sections 924(c)(1) (A) and (B)(ii) and 2.

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendant,

(4) ARMANI MINIER-TEJADA, a/k/a “Shotz”, a/k/a “Gustavo”,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following assets:

a. $1,980 in United States currency, seized from Armani Tejada on March 26, 2021;

b. $1,483 in United States currency, seized from Armani Tejada on March 4, 2021;

c. One Cartier watch, seized from Armani Tejada on March 4, 2021; and

d. One 14k Yellow "Shotz 2" diamond pavé pendant.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1. Upon conviction of either of the offenses in violation of Title 18, United States Code, Sections 924, set forth in Counts Two and Three, the defendant,

(4) ARMANI MINIER-TEJADA, a/k/a "Shotz", a/k/a "Gustavo",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

FOREPERSON

PHILIP A. MALLARD
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY 20, 2022
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK