**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| United States of America | ) |
| | )    Case No.21- 100099- NMG |
| v. | ) |
| | ) |
| Armani Minier- Tejada | ) |
| Defendant, | |

**DEFENDANT'S MOTION TO ESTABLISH THAT 21 U.S.C. 846 SIMPLE CONSPIRACY OFFENSE ALONE BY ITSELF WITHOUT INCLUDING AN (OBJECT OFFENSE) MUST CONNOTE AS A NON-SERIOUS PETTY OFFENSE IN LIGHT OF 18 U.S.C. § 3584, 21 U.S.C.§ 802(44) AND BINDING SUPREME COURT PRECEDENT LEWIS V UNITED STATES, 518 U.S 322 (1996)**

Now into court comes the charged defendant Mr. Armani Minier- Tejada in the above style and cause motion moves the court to issue an mandate that title **21 U.S.C. 846** Conspiracy offense alone by itself conclusively establishes an **"Simple Conspiracy offense"** that must connotes as an Non-Serious Petty offense in light of **18 U.S.C. § 3584** and Binding Supreme Court Precedent **Lewis v United States, 518 U.S. 322 (1996).**

Because the presumption under **18 U.S.C. § 3584(a)** was that multiple offenses prosecuted jointly were no more serious in their aggregate than the most serious single offense. The mere fact that the state chose to consolidate the charges provided no greater justification for a jury trial than if the charges were tried separately.

The Government's federal grand jury indictment charges Mr. Tejada with one count of Simple Conspiracy in violation of title **21 U.S.C. 846** that the government seeks to prosecute multiple offenses jointly which is unconstitutional and contrary to **18 U.S.C. § 3584(a).**

**18 U.S.C. § 3584(a)** provides that, except as mandated by court order or statute, multiple terms of imprisonment imposes at the same time run concurrently. Thus, the presumption under

1

§ 3584(a) is that multiple offenses prosecuted jointly are no more serious in their aggregate than the most serious single offense of conviction. **See, United States v Lewis, 65 f3d 252 (2ⁿᵈ Cir. 1995).**

## Brief Summary of Argument:

The Supreme Court in the case of **Williamson v United States, 207 U.S 425 (1908)** has made it crystal clear that; Conspiracy was a misdemeanor at common law, and is so under Federal statutes; the fact that it is an infamous offense not making it a felony.

However, the failure to mention or prove "Intent to Distribute" in Count two charging conspiracy, is not a defect, because it was not necessary to state the object of the conspiracy with the same precision which would be required in an indictment charging the substantive offense. **Williamson v United States, 207 U.S. 425 (1908).**

In the present case at bar Mr. Tejada Count one federal indictment fails to charge a violation **of 21 U.S.C. 841(a)(1)** offense of "Possession with intent to Distribute" – Therefore, the failure to prove the "Intent to Distribute" elements in a federal conspiracy charge renders no crime of "Distribution'. **See, White v Levine, 40 f.2d 502 (10ᵗʰ Cir. 1930).**

Conspiracy to commit a crime is a different offense from the crime which may be the object of the Conspiracy, and it is not necessary that a conspiracy involve the violation of a specific substantive offense. **See, Walker v United States, 342 f.2d 22 (5ᵗʰ & 11ᵗʰ Cir. 1965).**

An indictment must set forth the elements of the offense sought to be charged, and if it does not a conviction based thereon cannot stand.

Here in the present case at bar Mr. Tejada asserts that his federal indictment does not charge him for any violation that is under the "Controlled Substance Act" that would make his

2

conspiracy offense under **21 U.S.C. 846** punishable as an "Illicit Drug Trafficking" offense that is

prohibited under title **21 U.S.C. 841(b)(1).**

Based upon the argument being raised before this honorable court for the very first time

Mr. Tejada stands upon the position that his charges under **21 U.S.C. 846** conspiracy statute must

be punished as a Non-Serious petty offense in light of **Lewis v United States, 518 U.S 322 (1996).**

## Reasons for granting Motion:

## (1)...THE ACTUAL CRIME OF CONSPIRING [A/K/A] AN AGREEMENT ITSELF CREATED AS AN OFFENSE UNDER TITLE 21 U.S.C. 846 IS NOT A "FELONY DRUG OFFENSE" THAT PROHIBITS OR RESTRICTS CONDUCT RELATING TO NARCOTIC DRUGS WITHIN THE MEANING OF 21 U.S.C. § 802(44)

Under the microscope of 21 U.S.C. § 802(44) conclusively mandates that 21 U.S.C. § 846 crime of agreement does not qualify as a "Felony Drug offense" see, burgess v United States, 553 U.S. 124 (2008).

A person may violate the federal drug conspiracy statute 21 USC § 846 without ever possessing, distributing, or using a controlled substance and without having any involvement whatsoever with an actual narcotic drug. See, Shabani, 513 US 10 (1994).

The better reading of 21 U.S.C. § 802(44) is that offenses involving "No Actual Controlled Substances whatsoever" are not offenses that prohibit or restrict conduct relating to narcotic drugs.

21 U.S.C. 846 crime of an "agreement itself" defines not a "Felony Drug offense" under 21 U.S.C. § 802(44). The federal drug conspiracy offense is not an offense that is in relations to narcotic drugs within the meaning of § 802(44) because no actual narcotic drugs are/were involved.

3

**An offense involving only an "Agreement to Distribute Narcotics" is not an offense that prohibits or restricts conduct relating to narcotic drugs within the meaning of 21 U.S.C. §802(44)**

Because we have consistently held that the common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability. **United States v Shabani, 513 U.S. 10 (1994)**

In light of **Shabani's** substantive rule of law statutory interpretation of title **21 U.S.C. 846** conclusively establishes that the crime of conspiring does not involve actual narcotics to violate the conspiracy statute itself—**21 U.S.C. 846** does not specify no elements that connotes drug trafficking conduct, such elements as manufacturing, distributing, or dispensing a controlled substance.

**21 U.S.C. 846** does not specify drugs that is punishable for more than one year under any law of the United States or of state or foreign country. Therefore, the act of conspiring is not a felony drug trafficking offense in light of Section **§ 802(44). See, Unite States v Brown, 598 F.3d 1013 (8th Cir. 2009); and Burgess v United States, 553 U.S. 124 (2008).**

In Brown, the Eight Circuit Court of Appeals has mandated that; "Defendant was not subject to mandatory life imprisonment under **21 U.S.C. 841(b)(1)(A),** as his convictions under **Iowa Code § 204. 401 (recodified at Iowa Code § 124. 401)** for delivery of a simulated controlled substance involved no actual drugs and were therefore not "Felony Drug offenses" under **21 U.S.C. § 802(44).**

As a rule, a definition declares what a term "means" excludes any meaning that is not stated. Second, the term "felony" is commonly defined to mean a crime punishable by

4

imprisonment for more than one year. **Section 802(44)'s** definition of "felony drug offense" as a

offense punishable by imprisonment for more than one year, in short, leaves no blank to be filled

by **§ 802(13)** or any other definition of "felony".

The gravamen of Mr. Tejada substantive argument stands upon solid grounds that the

federal drug conspiracy statute that does not involve real actual drugs within the definition of its

very own offense terms mandates that **21 U.S.C. § 846** crime of conspiring does not qualify as a

"Felony Drug offense" within the meaning of **21 U.S.C. § 802(44). See, United States v Brown,**

**598 f3d 1013 (8th Cir. 2009); and Burgess V United States, 553 U.S. 124 (2008).**

"Felony drug offense" was defined exclusively by **21 U.S.C. § 802(44)** of the **CSA** as a drug

offense that was punishable by imprisonment for more than one year, and that definition did not

incorporate the definition of "felony" under **§ 802(13)** as a federal or state offense classified by

applicable federal or state law as a felony.

Therefore, the federal drug trafficking conspiracy statute does not qualify as a "Felony

Drug offense" even though the statute 846 does not have a penalty provision at all. Moreover,

the federal drug conspiracy statute does not involve "narcotics". **See, United States v Shabani,**

**513 U.S. 10 (1994).**

Congress declared in the Controlled Substances Act (CSA) that the illegal importation,

manufacture, distribution, and possession and improper use of controlled substances have a

substantial and detrimental effect on the health and general welfare on the American people, 21

U.S.C. § 801(2), and found that federal control over domestic and foreign traffic of controlled

substances (i. e., actual controlled substances that bear an unauthorized trademark, 21 u. S. C.

802(7)), never has Congress regulated simulated or look-alike controlled substances. A

5

reasonable legislator contemplating a sentence enhancement based on prior offenses "relating

to narcotic drugs, in a statute directed exclusively to regulating the traffic of actual narcotic drugs,

seems likely to have understood that the class of offenses triggering the enhancement likewise

would involve actual narcotic drugs.

## (2)…BINDING SUPREME COURT PRECEDENT LEWIS V UNITED STATES, 518 U.S 322 (1996) MANDATES THAT A VIOLATION OF 21 USC § 846 CONSPIRACY STATUTORY OFFENSE WITHOUT AGGRAVATING CIRCUMSTANCES (SUCH AS A CONSPIRACY WITHOUT A VIOLATION OF 21 USC 841 OFENSE) MUST BE PUNISHED AS A PETTY OFFENSE

The crux of Mr. Tejada novel argument stands upon solid grounds that the Supreme Court

Binding Precedent **Lewis v United States, 518 U.S 322 (1996)** mandates that a crime of an

"Agreement Only' must be punishable as a petty offense.

The prohibition against criminal conspiracy does not punish mere thought; rather, the

criminal agreement itself is the Actus Reus. **Shabani, 513 US 10 (1994).**

## Discussion:

In order to determine whether or not an offense is "serious," the Supreme Court has

looked to "objective criteria." **Baldwin v New York, 399 U.S. 66, 68, 26 L. Ed. 2d 437, 90 S. Ct.**

**1886 (1970)** (plurality opinion). According to the court, the best objective indicator of the

seriousness of an offense is "the severity of the maximum authorized penalty." Id. Implicit in the

maximum penalty is Congress's view as to the seriousness of that crime**. See Blanton v North Las**

**Vegas, 489 U.S. 538, 541 (1989); Frank v United States, 395 U.S 147, 148 (1969).** The legislature

is better equipped than is the judiciary to measure public sentiment as to the seriousness of

respective offenses and is more responsive to changes in the public attitude. **See Blanton, 489**

**U.S. at 541-42; See also Landry v Hoepfner, 840 f2d 1201, 1209 (5th Cir. 1988) (en banc), cert.**

6

**denied, 489 U.S 1083 (1989)**. Thus, the maximum authorized penalty for a particular offense is a strong indicator of the present sentiment as to the seriousness of that crime.

**In Lewis's case-** the Supreme Court has mandated that; "In determining whether an offense is petty, and thus not subject to the federal Constitutional right to a jury trial, the United States Supreme Court will consider the maximum penalty attached to the offense, the criterion which is considered most relevant with which to assess the character of an offense because the criterion reveals the legislature's judgment about the severity of the offense; the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be petty or serious.

To determine whether an offense is properly characterized as "petty", courts at one time looked to the nature of the offense and whether it was triable by a jury at common law. Such determinations became difficult, because many statutory offenses lack common-law antecedents**. Blanton v North Las Vegas, 489 US 538 (1989).** Therefore, more recently, we have instead sought "objective indications of the seriousness with which society regards the offense." **Frank v United States, 395 U.S 147 (1969); accord, District of Columbia v Clawans, 300 US 617 (1937).**

Now, to determine whether an offense is petty, we consider the maximum penalty attached to the offense. This criterion is considered the most relevant with which to access the character of an offense, because it reveals the legislatures judgment about the offense severity.

**Blanton, 489 US, at 541, 103 L Ed 2d 550** (internal quotation marks omitted). In evaluating the seriousness of the offense, we place primary emphasis on the maximum prison term authorized. While penalties such as probation or a fine may infringe on a defendant's freedom,

the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of

whether the legislature considered an offense to be "petty" or "serious."

**Here, there is no Maximum authorized penalty for the criminal agreement itself – The**

**prohibition against criminal conspiracy does not punish mere thought; rather, the criminal**

**agreement itself is the actus Reus. Shabani, 513 U.S 10 (1994).**

Nash and Singer follow the settled principle of statutory construction that, absent

contrary indications, Congress intends to adopt the common law definition of statutory terms.

**See Molzof v United States, 502 US 301, (1992).** We have consistently held that the common law

understanding of conspiracy "does not make the doing of any act other than the act of conspiring

a condition of liability."

## (3)...BINDING SUPREME COURT PRECEDENT MANDATES THAT IN ABSENCE OF 846 CONSPIRACY STATUTE IMPOSING PENALTIES FOR THE CRIME OF AN AGREEMENT INDICATES THAT SIMPLE CONSPIRACY WITHOUT ACTUAL DRUGS INVOLVED IS NOT A SERIOUS OFFENSE: IN LIGHT OF BLANTON V N. LAS VEGAS, 489 U.S 538 (1989)

The crux of Mr. Tejada novel substantive argument revolves around the federal drug

conspiracy created under tittle **21 U.S.C. 846** that prohibits the criminal agreement itself without

imposing any type of condition of liability for the crime of the "agreement" indicates that

Congress chose not to classify 846 crime of conspiring as a serious offense.

The Supreme Court has held that in the absence of added penalties to the crime of

conspiring created under **21 U.S.C. 846** indicates that the crime of an agreement is not a serious

offense. **See; Blanton v N. Las Vegas, Supra.**

8

The Supreme court has made it perfectly crystal clear that: In determining whether an offense with which an accused is charged in a criminal contempt should be categorized as "petty" or "serious" for purposes of the right to a jury trial under the Federal Constitution's Sixth Amendment, the severity of the penalty actually imposed is the best indication where no maximum penalty is authorized. **See, Blanton v N. Las Vegas, 489 U.S. 538 (1989).**

In the Supreme Court case **of Shular v United States, 206 LED2D 81 (2020)** has mandated that; **"Section 924(e)(2)(A)(ii)'s** "serious drug offense" definition requires only that the state offense involve the conduct specified in the statute: **18 U.S.C. 924(e)(2)(A)(ii)'s** text and context leave no doubt that it refers to an offense involving the conduct of manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance.

Here in the present case at hand Mr. Tejada asserts that in light of the Supreme Court interpretation of what classifies as a "serious drug offense" must rule out 846 crime of an agreement because "Serious Drug offenses" involves manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. **Shular v United States, 206 LED2D 81 (2020)**

**In Blanton v N. Las Vegas, 489 U.S. 538 (1989)** Defendants, charged with their first offense of driving under the influence of alcohol, were not entitled to jury trials because the maximum prison term was six months, and the absence of added penalties indicated it was not a serious offense.

As in the present case at hand title 846 conspiracy statute fails to have an attached penalty provision to determine whether or not a violation of 846 connotes a felony or

9

misdemeanor petty offense. Therefore, in the absence of added penalties to the crime of conspiring indicates that the crime of conspiring is actually not a serious offense.

## (4)...THE CRIME OF CONSPIRING TO COMMIT AN UNLAWFUL ACT ALONE MUST CONNOTES A PETTY OFFENSE IN LIGHT OF LEWIS V UNITED STATES, 518 U.S 322 (1996)

The gravamen of Mr. Tejada argument revolves around whether or not a violation of title 21 U.S.C. 846 federal narcotics conspiracy statute that is governed by common law connotes as a serious or petty offense in light of **Lewis v United States, 518 U.S 322 (1996).**

The federal "Controlled Substance Act" does not criminalize inchoate offense offenders as a misdemeanor or a felony. The Statute fails to attach any type of criminal liability to the crime of an agreement only. See, Shabani, Supra.

Felonies, in the sense of the constitution and of federal statutes, are only such offenses as were felonies at common law or are by statute declared to be felonies. Williamson v United States, 207 US 425 (1908)

Conspiracy was a misdemeanor at common law, and is so under federal statutes, the fact that it is an infamous offense not making it a felony.

The Supreme Court has held that: A state offense ranks as a 'Serious drug offense" only if it "involves manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. See, Shular v United States, 206 LED2D 81 (2020)

A none serious drug offense connotes an offense that does not have the elements of manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance- because such elements describe conduct. Shular, Supra.

10

Section 846 conspiracy offense places criminal liability for the crime of the agreement itself. Thus, nowhere in the federal conspiracy statutory language does 846 mention the elements of drug trafficking criminal conduct.

The conspiracy statute 846 fails to provide notice that it is felony or misdemeanor petty offense. Therefore, the statute invites arbitrary law enforcement that the due process does not tolerate. See, Johnson v United States, 135 S. Ct. 2551 (2015).

The government would have acknowledge that 846 conspiracy statutory offense is not a "Serious drug offense" nor a "felony drug offense" in view of 21 U.S.C. 802(44) and Lewis v United States, 518 US 332 (1998)

The United States Supreme Court will consider the maximum penalty attached to the offense, the criterion which is considered most relevant with which to assess the character of an offense because the criterion reveals the legislatures judgment about the severity of the offense; the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be petty or serious. See, Lewis, Supra.

## (5)...18 U.S.C. § 3584(a) BARS THE COURT FROM AGGREGATING A SERIES OF UNCHARGED AND UNADJUDICATED 21 U.S.C. 841(a)(1) POSSESSION WITH INTENT TO DISTRIBUTE OFFENSES UNDER THE FEDERAL DRUG CONSPIRACY STATUTE 21 U.S.C. 846

The Second Circuit Court of Appeals binding precedent United States v Lewis, 65 f3d 252 (2nd Cir. 1995) has long ago mandated that; "Congress has not indicated that multiple offenses for which a defendant is prosecuted jointly are necessarily any more serious in their aggregate than the most serious individual offense. Rather, 18 U.S.C. § 18 U.S.C. §3584(a) provides that, except as mandated by court order or statute, "multiple terms of imprisonment imposed at the

same time run concurrently." Thus, the presumption under § 3584(a) is that multiple offenses prosecuted jointly are no more serious in their aggregate than most serious single offense of conviction.

**18 U.S.C. § 3584(a)** Provides: multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.

However, this court procedure of taking a series of sales of certain narcotics that's uncharged and not proven to a jury to enhance a defendant's sentence should be ruled as being unconstitutionally applied as being in violation of 18 U.S.C. § 3584(a). See, United States v Lewis, 65 f2d 252 (2nd Cir. 1995).

### Conclusion

**Based** upon the above cited legal arguments and Supreme Court authority the charged defendant prays for his relief sought within the interest of justice

Respectfully Submitted