United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No.21- 100099- NMG |
| v. ) | |
| ) | |
| Armani Minier- Tejada ) | |
| Defendant, ) | |

## DEFENDANT MOTION TO ESTABLISH SENATOR BIDEN 1988 STATUTORY PENALTY AMENDMENT TO 21 U.S.C. 846 THAT OPERATES TO PROSECUTE AND CONVICT DRUG OFFENDERS WITHOUT DRUGS FOR BEING IN POSSESSION OF NARCOTICS WITHOUT A JURY TRIAL AND IMPOSSE DRACONIAN SENTENCES AS PUNISHMENT VIOLATES DUE PROCESS AND DEFINES AN UNCONSTITUTIONAL BILL OF ATTAINDER

Now into court come the charged defendant Tejada in the above style and cause motion to move the court to use its Supervisory powers to issue a mandate that Senator's Joseph Biden 1988 statutory amendment penalty to 846 prescribes as an Unconstitutional Bill of Attainder in light of Cummings v Missouri, 4 Wall 277, 18 L ed 356 (1866); United states v Lovett, 328 US 303 (1946)..

Senator Joseph Biden 1988 Special Penalty mandating that drug offenders who does not possess narcotics to be prosecuted, convicted and sentenced to a draconian sentence for being in possession of narcotics violates due process and constitutes as an unconstitutional Bill of Attainder.

The Supreme Court has long held; "Judicial enlargement of a criminal statute by interpretation is at war with a fundamental concept of the common law that must be defined with appropriate definiteness. See, Bouie v Columbia, 84 S. Ct. 1697 (1963)

1

A bill of attainder is a legislative act, which inflicts punishment without a judicial trial. Cummings v Missouri, 18 L Ed 356 (1867)

A bill of attainder is a legislative act which inflicts punishment without a judicial trial. If the punishment be less than death, the act is termed a bill of pains penalties. Within the meaning of the constitution, bills of attainder include bills of pains and penalties. See, Myrie v Commissioner, 267 F. 3d 251 (3rd Cir. 2001).

The Second Circuit court of Appeals in the case of Linnas v INS, 790 F. 2d 1024 (2nd Cir. 1986) has held that:

"A bill of attainder is defined as a legislative act which inflicts punishment without a judicial trial. Such bills are condemned in the constitution largely because they represent a legislative encroachment on powers more properly exercised by the judiciary. A bill of attainder, assumes, in the language of the textbooks, judicial magistracy; it pronounces upon the guilt of the party, without any of the forms of safeguards of trial. Historically, bills of attainder carried a death penalty while bills of pains and penalties carried lesser punishments. The bill of attainder clause of the Constitution, U.S. Const. art. I, § 9, cl. 3, however, has been consistently construed to apply to bills of pains and penalties as well as bills carrying a death penalty.

**SUMMARRY OF ARGUMENT;**

The special penalty amendment that was created by then Senator Joseph Biden's in the year 1988 to target groups of drug offenders to impose criminal sanctions of draconian sentences without affording the drug offenders their safeguards – The Special Penalty amendment requires that drug offenders can now be arrested, prosecuted, and convicted for being in possession of narcotics without the drug offenders possessing the narcotics.

2

The special penalty amendment created by Senator Joseph Biden is an unconstitutional Bill of Attainder because Biden's legislative act inflicts punishment without a judicial trial. Such bills are condemned in the Constitution largely. See, United States v Welden, 377 U.S. 95 (1964).

The government is convicting the innocent (those that does not possess the narcotics) for possession of narcotics and imposing draconian sentences upon all the drug offenders without affording the safeguards of due process and a defendant's Constitutional rights to a jury trial.

21 U.S.C. 846 conspiracy statutory penalty amendment requires the court to mandate and inflict punishment for a crime of possession of narcotics when the defendant has never possessed the narcotics constructively or actually.

**The Senator's Biden statutory amendment: By amending § 846 to include the "shall be subject to the same penalties as those prescribed for the offense". 21 U.S.C. § 846.**

**134 Cong. Rec. S17, 360-02 (daily ed. November 10, 1988) (statement of Sen. Biden). This statement strongly suggests that the purpose of §846 as amended was to synchronize the penalties for conspiracies and their underlying offenses.**

## Reasons for granting Motion;

## THE SENATOR'S 1988 AMENDING § 846 TO SYNCHRONIZE THE PENALTIES FOR CONSPIRACIES AND THEIR UNDERLYING OFFENSES DEFINES AND CONNOTES A BILL OF ATTAINDER

A review of the legislative history of 21 U.S.C. §846 reveals that the intent of Congress in enacting that section was to ensure that a defendant who is charged with only conspiracy not be

3

in a better position for sentencing than one who is charged solely with possession of the same amount of narcotics.

This reflects the philosophy of Congress that the large-scale drug conspiracies are a more significant threat to society than the activities of individual drug dealers. To sentence the individual drug dealer who is caught holding narcotics to a greater sentence than the large-scale conspirator who never physically touches the narcotics would defeat the aims of law enforcement.

So the Senator Joseph Biden created a Bill of Attainder to inflict punishment upon government alleged drug offenders without a jury trial. See, United States v. Martinez, 987 F. 2d 920 (2nd Cir. 1993).

21 U.S.C. 846 after Senator's Joseph Biden's 1988 Special penalty amendment now mandates that every government made believe conversation about narcotics connotes "possession with intent to distribute".

The 21 U.S.C. 846 penalty amendment connotes an unconstitutional bill of attainder because "The Penalty amendment" compels the court to discard the entire constitution in order to punish drug offenders with or the without narcotics-

**PART "A"**

**THE SENATOR'S BIDEN 1988 PENALTY AMENDMENT QUALIFIES AS AN UNCONSTITUTIONAL BILL OF ATTAINDER BECAUSE THE AMENDMENT COMPELS THE COURT TO DETERMINE GUILT AND INFLICT PUNISHMENT WITHOUT THE PROTECTIONS OF A JUDICIAL TRIAL**

The unconstitutional Bill of Attainder created by Senator Biden under the federal conspiracy statute 21 U.S.C. 846 requires the court to inflict the same exact punishment upon a

conspiracy offender that the court would have imposed upon an individual that has Distributed the actual narcotics. See, Senator's Joseph Biden's bill of attainder to 21 U.S.C. 846.

The bill of attainder sign into law under 21 U.S.C. 846 mandates that the courts are to sentence "drug conspiracy offenders" that only commits a crime of an agreement to the substantive crime that the drug offenders has supposedly agreed to commit.

In other words the amendment tells the court" If an individual talk about narcotics— Sentence him as if he Distributed the narcotics. . . Sentence that individual to possession with intent distribute. Impose draconian sentences upon the drug offenders with affording them any constitutional rights.

The bill of attainder turned the inchoate offense of "conspiracy to distribute" under 21 U.S.C. 846 into a Substantive Narcotics Distribution/possession offense that has been created under 21 U.S.C. 841(a)

## The law

The United States Supreme Court has described a bill of attainder as a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. And the Bill of Attainder Clause in U.S. Const. art. I, § 10, as defined by the Supreme Court, prohibits States from enacting such laws, just as U.S. Const. art. I, § 9 prohibits Congress from adopting such legislation. The Supreme Court has identified three elements of an unconstitutional bill of attainder; (1) specification of the affected persons, (2) punishment, and (3) lack of a judicial trial. See, Reynolds v Quiros, 990 f. 3d 286 (2nd Cir. 2021).

conspiracy offender that the court would have imposed upon an individual that has Distributed the actual narcotics. See, Senator's Joseph Biden's bill of attainder to 21 U.S.C. 846.

The bill of attainder sign into law under 21 U.S.C. 846 mandates that the courts are to sentence "drug conspiracy offenders" that only commits a crime of an agreement to the substantive crime that the drug offenders has supposedly agreed to commit.

In other words the amendment tells the court" If an individual talk about narcotics— Sentence him as if he Distributed the narcotics. . . Sentence that individual to possession with intent distribute. Impose draconian sentences upon the drug offenders with affording them any constitutional rights.

The bill of attainder turned the inchoate offense of "conspiracy to distribute" under 21 U.S.C. 846 into a Substantive Narcotics Distribution/possession offense that has been created under 21 U.S.C. 841(a)

## The law

The United States Supreme Court has described a bill of attainder as a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. And the Bill of Attainder Clause in U.S. Const. art. I, § 10, as defined by the Supreme Court, prohibits States from enacting such laws, just as U.S. Const. art. I, § 9 prohibits Congress from adopting such legislation. The Supreme Court has identified three elements of an unconstitutional bill of attainder; (1) specification of the affected persons, (2) punishment, and (3) lack of a judicial trial. See, Reynolds v Quiros, 990 f. 3d 286 (2nd Cir. 2021).

A law may be an attainder when it singles out an individual for legislatively prescribed punishment whether the individual is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons.

The explicit application of Senator's Joseph Biden 1988 statutory penalty amendment to 21 U.S.C. § 846 only applying to federal drug conspiracy offenders (individuals without having the actual narcotics), supports a finding that the statute, by reason of its identification of a closed category of persons, is arguably a bill of attainder.

## The Bill of attainder:

Senator's Joseph Biden's statutory amendment creates an "Irrebuttable Presumption" that an individual who indulge in a crime of an agreement without actual drugs automatically becomes "held liable for Distributing narcotics with the intent" –

**The question of whether Senator's Joseph Biden's 1988 statutory penalty amendment to 21 U.S.C. § 846 constitutes a bill of attainder?**

The Supreme Court has described a "bill of attainder" as "a law that legislatively determines guilt and inflicts punishment upon an identifiable without provision of the protections of a judicial trial. And the Bill of attainder Clause in Article I, section 9 prohibits Congress from adopting such legislation. The Supreme Court has identified three elements of an unconstitutional bill of attainder: (1) "specification of the affected persons, (2) 'punishment, (3) lack of a judicial trial.

The courts have interpreted Senator's Joseph Biden statutory amendment to 21 U.S.C. § 846 as applied to Mr. Tejada to be mandated to the custody of the BOP for being in possession

with intent to distribute over kilogram or more of heroin/mathaphetamine that derives from a violation of 21 U.S.C. § 841(b)(1)(A).

**Part "B"**

**THE SENATOR'S BIDEN AMENDMENT TO 846 CONSPIRACIES HAS INSTRUCTED COURTS TO SINGLE DRUG CONSPIRACY OFFENDERS OUT FOR LEGISLATIVELY PRESCRIBED PUNISHMENT—NOW WHETHER OR NOT DID MR. TEJADA POSSESS KILOGRAMS OF HEROIN/MATHAPHETAMINE IS NOW A QUESTION OF LAW AND NOT AS A MATTER OF MATERIAL FACTS**

The gravamen of Mr. Tejada argument revolves Senator Joseph Biden's statutory penalty amendment requiring conspiracy offenders to be punished as "Drug Distribution offenders" has now become a matter of law and no longer a question of facts for the jury to decide.

Mr. Tejada has been detained under Senator's Joseph Biden Amendment for the crime of being in possession of a kilogram or more of heroin that results from a violation of 21 U.S.C. 841(b)(1)(A).

The defendant was never charged for being in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)—The federal grand jury knows nothing about the elements of 21 U.S.C. 841(a) that only covers Manufacturing, Distribution, and Dispensing and Possessing to do the same---

However, the Senator's Amendment unconstitutional bill of attainder issues an unconstitutional "Irrebuttable presumption that Mr. Tejada possessed a kilogram or more of heroin with intent to distribute".

The unconstitutional bill of attainder created by Senator's Biden 1988 penalty amendment modified 21 U.S.C. § 846 to become an actual offense SUI GENERIS that cannot be classified pursuant to 18 U.S.C. § 3559.

Considering the scope of 21 U.S.C. § 846 and the wide range of penalties that may be imposed for its violation, United States Supreme Court Jurisprudence, and the differences between criminal conspiracy and other crimes--- 21 U.S.C. § 846 defines and connotes as an unconstitutional bill of attainder.

It is a matter of law today whether or not does Mr. Tejada possesses Kilograms of heroin with intent to distribute—Based upon the government allegedly has manufactured an Agreement?

The jury in a Conspiracy trial does not make this determination—the bill of attainder signed into law by Joseph Biden inflicts draconian sentences upon Drug offenders that does not possess the government alleged narcotics.

In accordance to Senator's Joseph Biden amendment to 21 U.S.C. 846 Mr. Tejada Stands before the court as a guilty man for the crime under 21 U.S.C. 841(b)(1)(A) without a jury trial— because the cards are stack against the charged defendant Mr. tejada—The government knows that Mr. Tejada will be destroyed by Biden's statutory penalty amendment to 846.

The bill of attainder does not allow Mr. Tejada the constitutional right to prove his case to the jury that the charged defendant never possessed a kilogram or more of heroin with the intent to distribute.

The amendment creates a conclusive presumption that Mr. Tejada possessed kilograms of heroin with the intent to distribute regardless of a trial by jury. The statute 21 U.S.C. § 846 does not contain the elements of possession with intent to distribute narcotics.

**Part "C"**

**JOSEPH BIDEN'S 1988 STATUTORY PENALTY PROVISION AMENDMENT TO 21 U.S.C. § 846 CONSTITUTES A BILL OF ATTAINDER BECAUSE THE AMENDMENT REQUIRES THE COURT TO CONCLUSIVELY PRESUME AND DETERMINE THAT MR. COX IS GUILTY FOR POSSESSION OF NARCOITICS WITH THE INTENT TO DISTRIBUTE WITHOUT A TRIAL**

The bill of attainder created by Senator's Joseph Biden mandates that an individual who is found guilty of violating 21 U.S.C. 846 for the crime of conspiring by itself to also be held guilty for being in possession of narcotics with the intent to distribute.

21 U.S.C. § 846 statutory penalty amendment created by Joseph Biden makes the defendant that's only charged for a crime of conspiracy to not be in a better place than the individual that possesses the narcotics with the intent to distribute the drugs—

Federal conspiracy statutory amendment 21 U.S.C. 846 is an unconstitutional bill of attainder because the amendment targets individuals who does not possess actual narcotics and inflicts punishment based upon none existent narcotics.

21 U.S.C. § 846 bill of attainder does not afford a judicial trial regarding the punishment inflicted by 21 U.S.C. 841(b)(1)(A) and (B). The defendant Mr. Tejada does not have the constitutional rights to prove to a jury that he is actually innocent of possessing narcotics with the intent to distribute.

The unconstitutional bill of attainder was created in 1988 by Senator Joseph Biden to convict and inflict punishment upon Drug Offenders that never possessed the actual narcotics without affording the criminal safeguards and a valid trail by an impartial jury.

The United States Supreme court has described a bill of attainder as a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. And the Bill of attainder clause in U.S. Const. art. I, § 10, as defined by the Supreme Court, prohibits States from enacting such laws, just as U.S. Const. art. I, § 9 prohibits Congress from adopting such legislation.

The Supreme Court has identified three elements of an unconstitutional bill of attainder: **(1) specification of the affected persons, (2) punishment, and (3) lack of a judicial trial:**

> **(1) Senator's Biden special penalty amendment targets all Conspiracy Drug offenders (2) the statutory penalty enhancement inflicts punishment (Draconian Sentence) upon Mr. Cox without a jury determination, and (3) the "distribution of narcotics" is not elements of the offense of 21 U.S.C. 846----**

Therefore, Senator's Joseph Biden special penalty amendment causes a lack of a jury trial for the purposes of the Substantive underlying offense.

**Part "D"**

**SENATOR JOSEPH BIDEN 1988 AMENDMENT TO 21 U.S.C. 846 WAS CREATED TO CIRCUMVENT DUE PROCESS OF LAW AND A DEFENDANT'S 6TH AMENDMENT RIGHT TO A JURY TRIAL – THE AMENDMENT REQUIRES THE GOVERNMENT LAW ENFORCEMENT AGENCY TO ARREST /DETAIN AND PROSECUTE CITIZENS OF THE U. S. WITHOUT BEING IN POSSESSION OF DRUGS/NARCOTICS. . .**

Under the due process clause of the Federal constitution's Fourteenth amendment – and under the Constitution's Sixth Amendment guarantee of a right to jury trial – a criminal defendant is entitled to a jury determination that the defendant is guilty beyond a reasonable doubt of every

element of the crime with which the defendant is charged, where the historical foundation for the United States Supreme Court's recognition of these principles extends down centuries into common law; a state cannot circumvent these protections by redefining the elements that constitute different crimes by characterizing them as factors that bear solely on the extent of punishment.

In the present case Mr. Tejada asserts **that Senator Joseph Biden 1988 amendment deprives the charged defendant of his constitutional right to a trial by jury because the amendment releases the Government from its burden of proving drug possession – drug distributing – drug quantity and drug type mandatory minimums. Moreover, the Senator's Biden Amendment to 846 conspiracy offense alone creates a Conclusive Presumption of possession of narcotics that operates as irrefutable presumptions that deny Mr. Tejada the right to prove his innocence of such alleged government charges to a jury.** See Hill v Maloney, 927 F.2d 646 (1st Cir. 1990) The Due Process Clause of the Fourteenth Amendment requires that the prosecution bear the burden of proving every essential element of a crime beyond a reasonable doubt, and evidentiary presumptions in a jury charge that have the effect of relieving the government of that burden are therefore unconstitutional. *Sandstorm, 442 U.S. at 524; Francis v Franklin, 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965 (1985). See also In re Winship, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970).*

The unconstitutional amendment incorporated into 21 U.S.C. 846 created by Joseph Biden violates the Due Process Clause because it relieves the government of the burden of persuasion on elements of the conspiracy offense. See *Francis v Franklin, 105 S. Ct. 1965, 85 L. Ed 2d 344 (1985).*

**Conclusion**

Based upon the above stated reasons and Supreme Court cited authority the court should take judicial notice of all facts raised and grant the charged defendant Mr. Tejada his relief sought

Respectfully Submitted