UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     v.<br><br>ARMANI MINIER-TEJADA,<br>     a/k/a "Shotz", a/k/a "Gustavo",<br><br>     Defendant | Case No. 21-CR-10099-NMG |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE MOTIONS

The United States hereby submits its opposition to the fifth and sixth pro-se motions filed by the Defendant, Armani Minier-Tejada ("Defendant"). See generally Doc. 182 (the "Fifth Motion"), Doc. 183 (the "Sixth Motion"). The Defendant continues to challenge the drug conspiracy statute, 21 U.S.C. 846, the violation of which is charged in Count One, claiming it is a "petty offense" (Doc. 182, at 1) and that it is a bill of attainder (Doc. 183). As before, the Defendant's motions are generally "incomprehensible" (see Doc. 166), and seek the Court to issue a "mandate" concerning what he believes to be unconstitutional aspects of the statute. For the reasons herein, this Court should deny the Defendant's motions.

### A.   The Defendant's Fifth Motion

The Fifth Motion contains a number of sections that do not flow logically. From the best that the government can discern, the motion claims that 21 U.S.C. § 846 is not a felony drug offense and that the government is unconstitutionally prosecuting multiple offenses jointly.[1] The

---

[1] Doc. 182 at 1 ("must connotes as an Non-Serious Petty offense") ("The Government's federal grand jury indictment charges Mr. Tejada with one count of Simple Conspiracy in violation of title 21 U.S.C. 846 that the government seeks to prosecute multiple offenses jointly which is unconstitutional and contrary to 18 U.S.C. § 3584(a)."), id. at 3 ("Based upon the argument being raised before this honorable court for the very first time Mr. Tejada stands upon the

Defendant seeks this Court to issue a "mandate" that Section 846 "connotes" a "Non-Serious Petty Offense." Doc. 182, at 1. By the term "petty offense", the government assumes the Defendant means "a petty offense for which no sentence of imprisonment will be imposed." See Fed. R. Crim. P. 58(a)(2). Such a "mandate" would be contrary to law.

There is no question that a violation of 21 U.S.C. § 846 carries the potential for felony penalties when the object of the conspiracy or attempt is to violate 21 U.S.C. § 841(a)(1). As to the prison penalty for a violation of Section 846, Congress' intent was clear: "[A]ny penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense." United States v. Montoya, 891 F.2d 1273, 1293 (7th Cir. 1989). Indeed, "Congress amended section 846 to clarify that special penalty provisions such as mandatory minimum sentences and special parole terms imposable for substantive narcotics offenses are also applicable under this section." Id. As this Court noted in its prior decision, Section 846 carries the same penalties as the object of the conspiracy. See Doc. 166, at 3-4.

Here, the Third Superseding Indictment charges a conspiracy in violation of 21 U.S.C. § 846, the object of which was the manufacture, distribution, and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). The Third Superseding Indictment also alleges mandatory minimum drug quantities set forth in 21 U.S.C. §§ 841(b)(1)(A)(vi) and 841(b)(1)(A)(viii). With these specific allegations, the maximum penalty for Count One is life in prison; therefore, it is not a petty offense. The Defendant's

---

position that his charges under 21 U.S.C. 846 conspiracy statute must be punished as a Non-Serious petty offense.").

citations are misleading, and the cases cited do not support his argument.[2] This aspect of the Fifth Motion can be readily denied.

A second argument contained in the Fifth Motion references 18 U.S.C § 3584(a) and claims that this statute "BARS THE COURT FROM AGGREGATING A SERIES OF UNCHARGED AND UNADJUDICATED 21 U.S.C. 841(a)(1) POSSESSION WITH INTENT TO DISTRIBUTE OFFENSES UNDER THE FEDERAL DRUG CONSPIRACY STATUTE 21 U.S.C. 846." Doc. 182, p. 11. Section 3584(a) relates to the procedures for the imposition of multiple sentences of imprisonment and has no relevance to the evidence that may be presented or considered at trial or the nature of charges that can be brought.

To the extent that this argument could be charitably construed as a duplicity claim with respect to the Conspiracy charged in Count One, it also fails. "Duplicity is the joining in a single count of two or more distinct and separate offenses." United States v. Martinez Canas, 595 F.2d 73, 78 (1st Cir.1979). "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." Braverman v. United States, 317 U.S. 49, 54 (1942) (citation and internal quotation marks omitted).

As in other cases involving claims of duplicity, "[t]he question whether the actions to which this count referred could have been charged as separate crimes is irrelevant." United States v. Valerio, 48 F.3d 58, 63 (1st Cir.1995); see United States v. Dunbar, 367 F. Supp. 2d 59, 60-61 (D.Mass. 2005) (Saylor, J.) (Count I charges only one offense, a large, complex drug

---

[2] The case of Lewis v. United States, 518 U.S. 322 (1996), held that a defendant charged with violating 18 U. S. C. § 1701, which carried a six-month maximum penalty, was not entitled to a jury trial. Similarly, the Defendant's repeated citations to United States v. Shabani, 513 U.S. 10 (1994) are curious in that the holding of Shabani is that "the plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846." 513 U.S. at 17.

3

conspiracy that allegedly involved acts in at least six states and one foreign country. Although the count charges the attempted distribution of three different drugs, it is not duplicitous."). The Defendant is charged with a single count of Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute, 400 Grams of More of Fentanyl, 500 Grams or More of Methamphetamine, Cocaine and Other Controlled Substances, in violation of 21 U.S.C. § 846. Therefore, Count One is not duplicitous because the agreement – and not specific incidents of manufacturing, distribution, or possession with intent to distribute – is the gravamen of the crime, and overt acts or specific incidents do not need to be alleged or proven. See United States v. Shabani, 513 U.S. 10, 17 (1994). The Defendant's fifth motion should be denied.[3]

### B. The Defendant's Sixth Motion[4]

The Defendant's sixth motion requests that the Court "use its Supervisory powers to issue a mandate" that the 1988 statutory amendment to Section 846 is an unconstitutional bill of attainder. Doc. 183. "A bill of attainder is a law that inflicts punishment upon identifiable members of a class without providing a judicial trial." Charles v. Rice, 28 F.3d 1312, 1318 (1st Cir. 1994) (citing Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468–69 (1977)). The Defendant does not even attempt to explain how § 846 constitutes a bill of attainder, legislatively determining his guilt and inflicting punishment without a judicial trial.

The Defendant then claims that the 1988 amendment "requires that drug offenders can

---

[3] The content of this motion was copied verbatim from a motion (Doc. 577) filed on August 1, 2022, by Juan Rodriguez in Docket No. 19-CR-40025-TSH. Additionally, the government notes that the motion is not filed under the Defendant's name at the conclusion, and his signature is illegible. See Mass. L.R. 83.5.5(g) (requiring that any document "filed by a party appearing *pro se* shall bear the words "*pro se*" following that party's signature" and "shall also state the party's mailing address, telephone number (if any), and email address (if any)").

[4] The Sixth Motion, like the Fifth Motion, also is not filed under the Defendant's name at the conclusion, his signature is illegible, and it lacks the "pro se" language required under the Local Rules. See Mass. L.R. 83.5.5(g).

now be arrested, prosecuted, and convicted for being in possession of narcotics without the drug offenders possessing the narcotics." Doc. 183 at 2. Stated differently, the Defendant appears to challenge the well-accepted principle that liability attaches where a defendant is shown to have knowingly and voluntarily participated in a drug conspiracy – regardless of whether drugs were ever recovered from that defendant's person. See United States v. Nelson-Rodriguez, 319 F.3d 12, 27-28 (1st Cir. 2003) (describing "three basic components" to drug conspiracy as "existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy"); United States v. Soto-Beniquez, 356 F.3d 1, 18 (1st Cir. 2003) ("To join a drug conspiracy, a defendant must agree with others to advance the aim of the conspiracy," which may "involve performing ancillary functions such as processing and cooking drugs, procuring weapons, collecting monies, enforcing discipline, chastising rivals, accounting, and the like, as long as such actions are performed with the aim of furthering the conspiracy"); United States v. Palmer, 203 F.3d 55, 63 (1st Cir. 2000) ("The gist of a conspiracy is an agreement to disobey or to disregard the law."). Indeed, it is well-accepted that a conspiracy "need not succeed" nor need a defendant even have attempted to commit the underlying crime "for a conspiracy conviction to stand." Nelson-Rodriguez, 319 F.3d at 28 (citing United States v. Palmer, 203 F.3d 55, 63 (1st Cir. 2000)).

Simply put, any amendment to Section 846 did not transform the statute into a bill of attainder because defendants charged under the drug conspiracy statute plainly retain their right to trial.[5] See United States v. Castaing-Sosa, 338 F. App'x 852, 854 (11th Cir. 2009)

---

[5] The Defendant appears to have simply cut and pasted this motion from that filed by another defendant as it contains references to him having possessed a "kilogram" or more of "heroin," which is not an allegation in the Third Superseding Indictment. See Doc. 183 at 7 ("irrebuttable presumption that Mr. Tejada possessed a kilogram or more of heroin with intent to distribute"); id. at 8 ("It is a matter of law today whether or not does Mr. Tejada possesses Kilograms of

(holding that the statutory mandatory minimum sentence provision in 21 U.S.C. § 841 applied to a defendant convicted of a heroin conspiracy under § 846, which was not an unconstitutional bill of attainder); United States v. Cruz, No. 12-CR-10201-DJC, 2022 WL 3045543, at *5 (D. Mass. Aug. 2, 2022) (Casper, J.) (determining that Section 846 is not bill of attainder in context of Section 2255 claim after plea).

The Defendant presses the issue further, arguing that the statute "does not afford a judicial trial regarding the punishment inflicted by 21 U.S.C. 841(b)(1)(A) and (B)." Doc. 183 at 9. In fact, it does. A trial for the Defendant is scheduled and will be held on October 18, 2022. The government will be required to prove the existence of the conspiracy, the Defendant's participation in that conspiracy, and any mandatory minimum drug weights as part of the conspiracy beyond a reasonable doubt at that trial.

## **CONCLUSION**

For the aforementioned reasons, this Court should deny the Defendant's Fifth and Sixth Motions.

---

heroin with intent to distribute-Based upon the government allegedly has manufactured an Agreement?"); id. ("The bill of attainder does not allow Mr. Tejada the constitutional right to prove his case to the jury that the charged defendant never possessed a kilogram or more of heroin with the intent to distribute."); id. at 9 ("The amendment creates a conclusive presumption that Mr. Tejada possessed kilograms of heroin with the intent to distribute regardless of a trial by jury."). Another artifact from the original defendant's motion appears on page 10, where a "Mr. Cox" is mentioned. This motion also appears to contain a statement that could be construed as an admission to the crime: "In accordance to Senator's Joseph Biden amendment to 21 U.S.C. 846 Mr. Tejada Stands before the court as a guilty man for the crime under 21 U.S.C. 841(b)(1)(A) without a jury trial – because the cards are stack against the charged defendant Mr. Tejada." Doc. 183, p. 8.

Respectfully submitted,

JOSHUA S. LEVY
Attorney for the United States,
Acting Under Authority
Conferred by 28 U.S.C. § 515

By: */s/ Philip A. Mallard*
Philip A. Mallard
Kaitlin R. O'Donnell
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to the Defendant, Pro-Se at the Wyatt Detention Center, 950 High Street, Central Falls, Rhode Island.

*/s/ Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

Date: August 29, 2022