**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| United States of America, | ) |
|  | ) |
| v. | ) Criminal Action No. |
|  | ) 21-10099-NMG |
| Armani Minier-Tejada, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court are two motions filed by defendant Armani Minier-Tejada ("Minier-Tejada" or "defendant") that seek the issuance of various "mandates" related to 21 U.S.C. § 846. The Court will construe those motions as seeking dismissal of the third superseding indictment (Docket No. 173) in which defendant was charged, <u>inter</u> <u>alia</u>, with a drug conspiracy offense under § 846. For the following reasons, Minier-Tejada's motions (Docket Nos. 182 and 183) will be denied.

**I.   Motions to Dismiss the Indictment**

Because the Court has construed defendant's motions as seeking dismissal of the indictment, in part, it will consider them under the standard of Fed. R. Crim. P. 12(b)(3).

**A.   Legal Standard**

An indictment must contain "a plain, concise and definite written statement of the essential facts constituting the

offense charged." Fed. R. Crim. P. 7(c)(1).  An indictment or a portion thereof may be dismissed if the facts as pled demonstrate that, as a matter of law, the prosecution will not be able to prove each of the elements of the charged offense, United States v. Huet, 665 F.3d 588, 596-97 (3d Cir. 2012) (citing Fed. R. Crim. P. 12(b)(3)(B)), or that the statute creating the offense is unconstitutional, United States v. Seuss, 474 F.2d 385, 387 n.2 (1st Cir. 1973) (explaining that "the defense of failure of an indictment to charge an offense includes the claim that the statute apparently creating the offense is unconstitutional"); United States v. Witkovich, 353 U.S. 194 (1957).  When considering a motion to dismiss in a criminal case, a court accepts the factual allegations in the indictment as true. Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952).

**B. Application**

Minier-Tejada first asserts that 21 U.S.C. § 846 "must connote" a non-serious petty offense rather than a felony, and he asks the Court to issue a mandate to that effect. Defendant's assertion is incorrect.  The text of § 846 provides that a defendant, if convicted,

> be subject to the same penalties as those prescribed
> for the offense, the commission of which was the
> object of the attempt or conspiracy.

21 U.S.C. § 846. <u>See</u> <u>also</u> <u>United States</u> v. <u>Montoya</u>, 891 F.2d 1273, 1293 n.25 (7th Cir. 1989) (explaining that "any penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense" under § 846).

The object of the conspiracy charged in this case is the violation of 21 U.S.C. § 841(a)(1).  Based upon the drug quantities alleged in the third superseding indictment, the maximum penalty that Minier-Tejada faces under Count 1 is a term of imprisonment for life. <u>See</u> U.S.C. §§ 841(b)(1)(A)(vi) and (viii).  It is beyond cavil that defendant has been charged with a felony and not a "non-serious petty offense."

Minier-Tejada next challenges the indictment on the grounds that he was charged with a single offense under § 846 rather than with multiple offenses under § 841(a)(1).  Although defendant argues that this purported joint prosecution of aggregated offenses is prohibited by 18 U.S.C. § 3584(a), the terms of that statutory subsection relate to the imposition of concurrent or consecutive sentences and are wholly inapposite to defendant's claim.

As the government notes in its opposition to defendant's motions (Docket No. 187), Minier-Tejada's defense is, in effect, that Count 1 is improperly duplicitous.  An indictment contains a duplicitous count when "it charges more than one distinct offense in a single count." <u>United States</u> v. <u>Valerio</u>, 48 F.3d

58, 63 (1st Cir. 1995) (emphasis omitted).  Count 1, however,
charges only a single offense: drug conspiracy in violation of §
846.  Although a conspiracy charge often refers to multiple
instances of alleged illegal conduct, the criminal offense
charged remains the conspiracy itself.  See Braverman v. United
States, 317 U.S. 49, 54 (1942) (holding that it is not
duplicitous to charge a single conspiracy count related to
multiple underlying crimes because "[t]he conspiracy is the
crime, and that is one [crime], however diverse its objects.");
United States v. Dunbar, 367 F. Supp. 2d 59, 60-61 (D. Mass.
2005) ("Although the count charges the attempted distribution of
three different drugs, it is not duplicitous.").

     In his next motion (Docket No. 183), Minier-Tejada submits
an array of meritless arguments related to his core contention
that the 1988 statutory amendment to § 846 is an
unconstitutional bill of attainder.  A bill of attainder is a
legislative act that punishes "identifiable members of a class
without providing a judicial trial." Charles v. Rice, 28 F.3d
1312, 1318 (1st Cir. 1994) (citing Nixon v. Adm'r of Gen.
Servs., 433 U.S. 425, 468-69 (1977)).  The Bill of Attainder
Clause has no bearing on the present case.  The drug conspiracy
statute under which defendant has been charged is generally
applicable to any individual who violates its proscriptions, and

his case will be adjudicated within the judicial, not the legislative, branch.

Minier-Tejada further contends that § 846 is an improper bill of attainder because he could be convicted of conspiracy without being shown to have ever possessed any narcotics. Defendant's contention is misplaced.  It is well-established that a defendant who knows of and agrees with the aim of a drug conspiracy may be convicted even for "performing ancillary functions" done "with the aim of furthering the conspiracy." United States v. Soto-Beniquez, 356 F.3d 1, 18 (1st Cir. 2003). There is no need to prove that the object of a conspiracy was successfully accomplished, or even attempted, in order "for a conspiracy conviction to stand." United States v. Nelson-Rodriguez, 319 F.3d 12, 28 (1st Cir. 2003) (citation omitted). Thus, defendant's argument does not raise a cognizable bill of attainder or jury trial issue.

**ORDER**

For the foregoing reasons, defendant's motions to dismiss the third superseding indictment (Docket Nos. 182 and 183) are **DENIED**.  All other pending motions are held under advisement. **So ordered.**


                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated:  September 28, 2022