United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 21-10099-NMG |
| Armani Minier-Tejada, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant Armani Minier-Tejada ("defendant") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel. For the reasons that follow, defendant's motion will be denied.

Defendant was the leader of a violent criminal enterprise that trafficked cocaine, fentanyl and methamphetamines from Massachusetts to Maine. Defendant's actions resulted in a plathora of drug and firearms charges. He was found guilty following a jury trial and, on February 1, 2024, was sentenced 480 months in prison. Now, defendant claims that his sentence should be reduced based on an amendment to the Sentencing Guidelines.

Generally, a district court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may, however, reduce a defendant's sentence retroactively

if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. § 3852(c)(2).

Here, defendant relies on Amendment 821 to the Sentencing Guidelines Manual as the basis for a sentence reduction. His reliance is misplaced on two separate grounds. First, defendant's sentencing hearing took place on February 1, 2024, at which time Amendment 821 was already in effect. See U.S.S.G. 1B1.10 & cmt. 7 (noting that Amendment 821 took effect on November 1, 2023, for the prospective application to prison sentences on and after February 1, 2024). Because Amendment 821 was already in effect, it is not a "subsequent[]" amendment to the Sentencing Guidelines warranting a retroactive reduction. See 18 U.S.C. § 3852(c)(2) (permitting modification of sentences if guideline range "has subsequently been lowered"); see also United States v. Perez-Figueroa, 658 F. App'x 588, 591 (1st Cir. 2016) (describing reliance on Sentencing Guideline amendment that was already effective at time of sentencing as "misplaced").

Second, even assuming Amendment 821 had taken effect after defendant was sentenced, its application would not alter the sentence imposed. Under Amendment 821, a defendant may be eligible for a sentence reduction if his guideline calculation at sentencing included either "status points" for offenses committed under an earlier sentence or a criminal history score

- 2 -

of zero. See U.S.S.G §§ 4A1.1 and 4C1.1.  Defendant's guideline sentencing range here did not however, include any status points, and he received a Criminal History Score of 6.  As such, Amendment 821 has no application to the sentence imposed on defendant. Cf. id.

Defendant's motion to reduce his sentence will therefore be denied. See United States v. Hamilton, No. CR 11-10133-FDS, 2023 WL 8880344, at *1 (D. Mass. Dec. 22, 2023) (denying motion to reduce sentence under § 3852(c)(2) where application of Amendment 821 "would not have affected the calculation of [defendant's] sentence").

Because it is clear that defendant's motion is unavailing, the Court will also deny his accompanying request for appointed counsel. See United States v. Nguyen, 307 F. App'x 462, 463 (1st Cir. 2009) (per curiam) (affirming court's decision to jointly deny defendant's requests for sentence reduction and appointment of counsel where it was "clear the motion would [be] . . . denied in any event"); United States v. McGuire, 306 F. App'x 621, 621 (1st Cir. 2009) (per curiam) (similar); United States v. Ganun, 547 F.3d 46, 47 (1st Cir. 2008) (per curiam) (similar).

## ORDER

For the foregoing reasons, the motion of defendant, Armani Minier-Tejada, for a sentence reduction and appointment of counsel under 18 U.S.C. § 3852(c)(2) (Docket No. 419) is **DENIED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated: November 21, 2024